## UNION INDEMNITY CO v GAINES

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10723. Decided May 26, 1930

A. E. Sweigert and Lieghley, Halle, Haber & Berick, all of Cleveland, for Indemnity Co.

Alexander H. Martin, Cleveland, for Gaines.

**LEVINE, J.**

In our opinion the sequence of events detailed in the record justifies a finding that the insured died as a result of bodily injuries caused solely and independently of all other causes by external, violent and accidental means. It is conceded that the assured weighted two hundred pounds and was knocked off his wagon by a collision and that within ten days thereafter he died.

The medical evidence introduced in this case indicates that despite the various ailments from which the assured was suffering, he would in all probability have continued to live for a considerable time thereafter, and that the violent falling caused by the collision brought about his death.

As to the assignment of error that the plaintiff failed to file proof of loss within ninety days after the date of death, we find on page 90 of the record, the following stipulation of counsel; "We are agreed that we were served with notice. Our conduct was such that we admit we were served notice. We admit it in our statement of defense."

On page 35 of the record, defendant in error Mrs. Gaines, testified as follows: "They refused to give me the blanks, but they said they would take care of it." In our opinion this evidence justified the trial court in finding that there was a waiver of the omission of proof of loss.

We are now brought to the last and most important assignment of error, namely, that the plaintiff failed to file her action within the two year limitation provided by Section 14 of the policy. It may be taken as an established fact that suit was not filed until the expiration of the period of limitation provided for in the policy. Defendant in error, however, relies upon what is termed "waiver by conduct." The correspondence disclosed a course of dealing in which the company was called upon to pay the amount of the policy and waited until the two year limitation had elapsed before definitely stating that the claim would not be honored. The Company did not deny liability but at all times stated that it needed more time for investigation.

From November 22, 1925, which is the date of the death of the assured until July 22nd, 1928, the Company constantly asked for further time to investigate; time to locate lost records; time to make its final decision.

When the period of limitation provided for in the policy had finally elapsed by a good margin, the Company on July 2nd, 1928, finally made a definite statement rejecting the claim. We hold that the defendant in error was not required to sue until the Insurance Company finally rejected the claim, and that the action is not affected by lapse of time, for the reason that a postponing of bringing suit was at the request of the Company.

The following authority supports this last statement of the law:

"The general statute of limitations of actions on contracts applies and ordinarily may be pleaded by the company as a defense to an action on a life insurance policy, except where a special limitation on such an action is prescribed either by special provisions in the policy or by special statute, and except where the company has waived or is estopped to plead the statute of limitations, as where it leads a party to delay the bringing of suit or to dismiss a suit already pending, by holding out hope of adjustment or by making promises to pay."

When the Company held out hope of adjustment the defendant in error was justified in waiting until the Company's final decision. It asked for an extension of time on several occasions and it would be inequitable to permit the Company to assert the defense of the two year limitation because clearly the postponing of bringing suit was had if not at the express, at least at the implied, request of the Company. There is, in our opinion, clearly a waiver by conduct on the part of the Company.

We find no error in the record and the judgment is **affirmed.**

Vickery, PJ, and Sullivan, J, concur.