BOYCE L. BRANDON v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY

No. 7927SC860

(Filed 6 May 1980)

1. **Insurance § 130— fire insurance—proof of loss—tender by insured—no absolute discretion by insurer**

     An insurance company cannot exercise sole discretion in accepting or refusing a proof of loss tendered under the provisions of a fire insurance policy, and the trial court erred in submitting to the jury an issue as to whether plaintiff filed with defendant insurance company a proof of loss as re-

---

Brandon v. Insurance Co.

---

quired by the insurance contract where the uncontroverted evidence showed that written proofs of loss were filed, defendant did not deny liability but stated only that the forms were incomplete, and an adjuster was on the job within days after a fire occurred and took insured's sworn statement as to the loss.

2. **Insurance § 130.1— fire insurance—failure to file timely proof of loss—waiver and estoppel**

There were sufficient allegations in the complaint admitted by defendant and sufficient evidence in the record to carry the case to the jury on the issue of waiver and estoppel by defendant insurer to assert plaintiff insured's failure to file proof of a fire loss.

3. **Insurance § 130— fire insurance—failure to file timely proof of loss—instruction on statute excusing such failure**

The evidence in an action on a fire insurance policy was sufficient to require the court to charge the jury on the provisions of G.S. 58-180.2, which allows a plaintiff to overcome a defense of failure to render timely proof of loss by showing that such failure was for good cause and that defendant insurance company was not substantially harmed thereby.

Judge MARTIN (Harry C.) dissenting.

APPEAL by plaintiff from *Kirby, Judge.* Judgment entered 7 December 1978 in Superior Court, GASTON County. Heard in the Court of Appeals 20 March 1980.

This is an action on contract arising out of loss by fire to property insured by the defendant appellee. Two fires occurred at the insured's residence—the first on 11 June 1975 and the second on 18 June 1975.

The policy of insurance provides *inter alia:*

The insured shall give immediate written notice to this company of any loss, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, furnish a complete inventory of the destroyed, damaged, and undamaged property showing in detail quantities, costs, actual cash value, and amount of loss claimed, and within sixty days after the loss unless such time is extended in writing by this company, the insured shall render to this company a proof of loss signed and sworn to by the insured . . . .

The insured submitted proof of loss on the 11 June 1975 fire to the insurer, which the insurer contended was incomplete under

the requirements of the insurance policy. Notice was given to the policyholder of the deficiencies, and request was made for corrections. In September 1975 a subsequent proof of loss was submitted regarding the 11 June 1975 fire which the insurer adjudged to be incomplete. The proof of loss on the 18 June fire was not supplied until sometime in March 1976. This filing was adjudged by the defendant to be incomplete in that it failed to include the required inventory and cost particulars. The insured mailed partial inventories and other incomplete documents to the company, and requests were made by the insured for additional forms. The plaintiff finally secured the services of a lawyer who filed proof of loss forms which were rejected by the defendant.

Upon trial, the court submitted the following issues to the jury which were answered as follows:

1. Did the plaintiff sustain damage to his property as the result of fires which occurred on June 11, 1975 and June 18, 1975?

ANSWER: Yes

2. Did the plaintiff file with the defendant insurance company a proof of loss as required by the insurance contract?

ANSWER: No

3. What amount, if any, is the plaintiff entitled to recover for damage to:

(a) Real property

AMOUNT: $_____

(b) Personal property

AMOUNT: $_____

(c) Additional living expense

AMOUNT: $_____

Judgment was entered for the defendant, and plaintiff appealed.

*Jim R. Funderburk for plaintiff appellant.*

*Hollowell, Stott & Hollowell, by Grady B. Stott, for defendant appellee.*

HILL, Judge.

[1] Four questions are submitted to this Court for review. Although all appear to merit consideration, we conclude another issue is dispositive of the case at this time: Can an insurance company exercise sole discretion in accepting or refusing a proof of loss tendered under the provisions of the policy. We think not.

The plaintiff appellant in his complaint alleged:

Paragraph 9. That on several occasions prior to August 17, 1975, employees and adjusters of the defendant examined the residence of the plaintiff referred to above and requested information of the plaintiff which he supplied them.

In answer to paragraph 9, the defendant in its answer admitted that one of its adjusters examined the residence and that he conferred with the plaintiff regarding information.

Paragraph 10. That prior to August 17, 1975, the agents, employees, or adjusters of the defendant had supplied Proof of Loss Forms to the plaintiff; that said forms were incomplete and said agents promised to supply additional needed forms which they never did.

In its answer to paragraph 10 of the complaint, the defendant admitted that proof of loss forms were furnished to the plaintiff and they were incomplete.

As a part of paragraph 12, the plaintiff appellant alleged ". . . the plaintiff filed an additional proof of loss which the defendant attempted to reject."

In its answer the defendant stated ". . . it is admitted that the plaintiff attempted to file a proof of loss on forms supplied by the defendant . . . ."

As a part of paragraph 13 of the complaint, plaintiff appellant alleged "[t]hat of [sic] September 26, 1975, plaintiff again filed proof of loss forms . . . provided by the local agent of the defendant . . . ."

In its answer to this paragraph the defendant stated "it is admitted that if a proof of loss was submitted, the same was not in proper form and rejected."

Plaintiff further alleged in paragraph 21 of his complaint:

That plaintiff signed various papers for various employees of the defendant and believes that he signed a proof of loss for these claims for said employees prior to sixty days after said loss; however the plaintiff is not sure what papers he did sign; however the employees of the defendant adjusting these claims changed three times and each would promise to provide the proper forms at a later date and each promised the plaintiff that the defendant would pay these claims; that the defendant by the conduct of its employees as heretofore alleged is estopped to assert that said proof of loss was not filed in strict accordance with the terms of its policy.

This allegation was denied.

An examination of the record reveals the following evidence:

(1) Boyce L. Brandon, the plaintiff appellant, testified as follows *without objection*:

The premium on the insurance policy was paid covering the period June 20, 1974 to June 20, 1975. I had an insurance policy with Nationwide Insurance Company for fire insurance for several years. During the period of this insurance policy, I had a fire at my house on two occasions. I notified Nationwide Insurance Company about the fires and they sent Mr. Dease or Denise who wanted to know if me and my wife would talk to him and make the statement that happened, and so, he asked us to sit down in his car where he had his tape machine, and he taped the conversation of what we knew or what we didn't know at the time of the fire, and then, three or four weeks later, another man came from the company. I made a sworn oral statement to the first man and signed some papers. He told me he would be back in a few days and bring me the sufficient papers—additional papers that I should sign.

Prior to the time I gave him the oral statement on the tape recorder, he swore me and it was a sworn statement

just like we do here. He asked my wife at the same time to give a sworn oral statement and she did. He has it on all on tape.

(2) *Without objection,* Wilbur Covington McKinsey, a commercial adjuster with Nationwide Insurance Company, testified:

"A proof of loss was filed by Mr. Brandon in this claim, but I don't know exactly when."

Later, after reading a letter and refreshing his memory on the stand, Mr. McKinsey testified that he did not know if a proof of loss *in proper form* was filed within the time prescribed by the contract. "Because the letter speaks for itself and it doesn't indicate that he filed a proof of loss. It says in the letter that there was a paper that he filed. I can't answer whether he filed a proof of loss."

Upon recall, Mr. Brandon further testified without objection:

Plaintiff's Exhibit #2 [the letter Mr. McKinsey had referred to on the stand] is a letter from the insurance company. The letter is just stating that my proof of loss was not acceptable until I get more proof and more information and I did that several times. I even called Raleigh.

＊    ＊    ＊    ＊    ＊    ＊    ＊    ＊    ＊

I believe I gave this gentleman here (a man in the courtroom with Nationwide Insurance Company) the key to my house. He said he wanted to go in and take some pictures . . . . The man in the courtroom gave me some pink slips but there wasn't enough and he was supposed to bring me some more. He never did bring any more to me, . . . So I had to take the other form on the paper and go to the Sears Roebuck Catalog and itemize room by room, piece by piece, what was burned. . . . [I] did fill them out the best I knew how.

Admittedly, the forms so filled out were excluded from the record on objection as to form of question, but the oral testimony is evidence of an effort on the plaintiff's part to furnish proof of loss.

On cross-examination, the plaintiff testified without objection:

I sent to Nationwide Insurance Company an itemized list of property in that house. I also sent them a registered letter for the proof of loss. I sent them a list of what was in the house; a list of all of that stuff. I sent the list by registered mail and I think it was in July or something. It was a month or so or maybe two months after the fire. They kept promising to bring me papers, and they didn't, and I even called Raleigh on them, and they were supposed to bring them to me, and I sent it to them registered mail. I mailed the company a copy of those pink sheets that I testified about this morning. I don't remember the exact day but it wasn't long after the fire. I just sent them copies of estimations.

I assume State's Exhibit #3 is the letter I received from Nationwide Insurance Company after I sent them a letter. I filed several, and I filed so many that I don't remember if I swore to it or not but I sent it a registered letter so they could get it within a sixty day period.

I did send a registered letter within the sixty day period of time, and they corresponded later, and I took the papers over and turned them over to Mr. Puett and told him I needed some help on the papers. I sent the letter by registered mail; I don't know the date, but it was within the sixty days. It was a sworn, true policy, yes, sir. If I had it notarized, I can't say, sir.

THE COURT: Well, Mr. Stott, I—Mr. Brandon, he asked you, I thought, a fair and clear question. He asked you again if you on that first piece—first document that you mailed in—if you can swear now that you were sworn to that information as the policy required. That's the essence of the question. All you can do is say yes, I did; no, I did not; or I just simply don't remember, I guess. I don't know what other—

A. Yes, sir, I did. To my memory, I did. I can't swear to that date, sir.

THE COURT: All right, you don't—the best you can recall, you did, but you don't remember the date?

A. I don't know the dates that was on there.

THE COURT: Okay. All right, that's the answer.

Later the plaintiff was recalled, and he testified as follows:

As far as I know, I swore to Plaintiff's Exhibit #8 before a Notary Public, Jerrie Gloria Clonister on March 10, 1976. On June 18, 1975 I had another fire. Both fires occurred at 5:00 in the morning. I swore to Exhibit 15 before a Notary and said that a fire happened at 5:00 a.m. on June 11th, 1975. I swore to all of them and they are all true statements. I don't remember specific dates. I sent them letters and letters and I do not remember how many.

I got a letter from Nationwide dated March 23, 1976 (Exhibit #17) that stated, 'unable to accept the paper as a sworn proof of loss.' And the letter also said it doesn't comply with the provisions of the policy for furnishing a sworn proof of loss.

There is testimony that several months after the fire plaintiff retained an attorney who attempted to file a proof of loss, which was rejected.

[1] Although we do not have the written forms which the insured designated as proof of loss before us, it is uncontroverted that proofs of loss were filed. The defendant only contends they were incomplete. There was an adjuster on the job within days after the fire who took the insured's sworn statement. The insurer received over a period of time several purported proof of loss forms. It did not deny liability upon receipt, but only stated the forms were incomplete.

The second issue, as it is phrased, should not have been tendered to the jury.

[2] Further, we find that there are sufficient allegations in the complaint, admitted by the defendant, and evidence in the record to carry the case to the jury on the question of waiver and estoppel, *Meekins v. Insurance Company*, 231 N.C. 452, 57 S.E. 2d 777 (1950).

[3] We also believe there are sufficient facts to require the court to charge the jury under the provisions of G.S. 58-180.2. Such issues as raised under that statute are also a matter for the twelve.

New Trial.

Judge PARKER concurs.

Judge MARTIN (Harry C.) dissents.

Judge MARTIN (Harry C.) dissenting.

I respectfully dissent from the majority opinion. It turns upon the holding that the second issue was improper and should not have been submitted to the jury. Any defects in the issue are not set forth or discussed. Defendant Nationwide denied that proper proof of loss was filed by plaintiff and submitted evidence tending to support its denial. Plaintiff produced evidence tending to prove the contrary. This created an issue of fact to be resolved by the jury upon proper instructions. The filing of proof of loss as required by the policy is essential to plaintiff's cause of action. *Boyd v. Insurance Co.*, 245 N.C. 503, 96 S.E. 2d 703 (1957). By denying liability within the sixty-day period after the fire on grounds other than failure to file proof of loss, insurer can waive the policy requirement for filing proof of loss. *Zibelin v. Insurance Co.*, 229 N.C. 567, 50 S.E. 2d 290 (1948); *Williams v. Insurance Co.*, 209 N.C. 765, 185 S.E. 21 (1936). Here, defendant did not deny liability on any basis other than failure to file proof of loss, until it filed answer, long after the expiration of the sixty-day period. Defendant did not waive the policy defense of lack of proof of loss. *Gorham v. Insurance Co.*, 214 N.C. 526, 200 S.E. 5 (1938).

The majority finds the court should have instructed the jury on the application of N.C.G.S. 58-180.2 to the second issue. This statute allows a plaintiff who is faced with a failure to render timely proof of loss to overcome that defense by showing that such failure was for good cause and that the insurance company has not been substantially harmed thereby. Although the court did not specifically mention the statute, it did charge as to the substance of it. The instruction was more favorable to plaintiff than the statute requires, as the court did not instruct the jury that it was necessary for plaintiff to prove the failure to timely file the proof of loss was for good cause. The court also told the jury that as a matter of law defendant had not suffered any substantial injury or prejudice.

I hold there is no error in this trial. The issues were fairly presented to the jury and the twelve has resolved them.