BOYCE L. BRANDON v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY

No. 34

(Filed 4 November 1980)

1. **Insurance § 130— fire insurance – filing of proof of loss as required by contract— issue properly submitted to jury**

In an action to recover under an insurance policy for loss to certain insured property resulting from fire, the trial court properly submitted to the jury an issue as to whether plaintiff filed with defendant insurance company a proof of loss as required by the insurance contract, since there was ample evidence tending to show that, while plaintiff eventually submitted forms entitled "Proofs of Loss," he failed to file proof of loss as required by the contract; the contract required that the proof of loss be sworn to by the insured; plaintiff testified that he could not remember whether he submitted sworn proofs of loss; and several letters to plaintiff from defendant, admitted into evidence at trial, indicated that the proofs of loss submitted were not sworn statements and thus did not comply with the terms of the policy.

2. **Insurance § 136— fire insurance – timeliness of filing of proof of loss – instruction favorable to plaintiff**

In an action to recover under a fire insurance policy, the trial court's charge amounted to a peremptory instruction on the issue of timeliness of filing of proofs of loss where the court instructed the jury that, if it found that proper proofs of loss were filed, plaintiff's claim was not barred due to lack of timely filing, and such an instruction was favorable to plaintiff and was not grounds for a new trial.

3. **Insurance § 130.1— fire insurance – proof of loss – no waiver by assertion of alternative defense**

In an action to recover on a fire insurance policy, defendant insurer did not waive the defense of failure to file required proofs of loss by asserting, as an alternative defense, that plaintiff was guilty of arson, since the denial of liability on grounds of arson occurred after the period prescribed by the policy for the filing of the proofs.

Brandon v. Insurance Co.

**4. Insurance § 130.1– fire insurance – proof of loss – waiver – sufficiency of evidence**

In an action to recover on a fire insurance policy, evidence was sufficient to permit, but not compel, the jury to find that defendant, by words or conduct, waived the requirement of proofs of loss, and the issue of waiver should have been submitted to the jury where plaintiff's evidence tended to show that he notified defendant of the fires and defendant sent several agents to talk with plaintiff and his wife; one representative gave plaintiff a number of pink slips to fill out and promised to supply additional slips but never did; defendant's representative instructed plaintiff to appraise the damaged property and if necessary appraise it by going through the Sears Roebuck catalog; at the agent's direction, plaintiff moved temporarily into a motel; the agent offered plaintiff money; and plaintiff received several letters from defendant rejecting his proofs of loss but never telling him what was wrong; defendant's evidence on the other hand tended only to show that it continued to reject the proofs of loss and to request proper ones; the remainder of plaintiff's evidence was uncontradicted; and one of defendant's witnesses testified that he prepared estimates of the fire damage shortly after each fire at the request of defendant.

Justice BROCK did not participate in the consideration or decision of this case.

ON appeal from the decision of the Court of Appeals, reported in 46 N.C. App. 472, 265 S.E. 2d 497, granting a new trial upon plaintiff's appeal from the judgment of *Kirby, J.*, entered at the 4 December 1978 Session of GASTON Superior Court.

Plaintiff instituted this action to recover under an insurance contract for loss to certain insured property resulting from fire. The evidence tended to show that a fire occurred at plaintiff's residence on 11 June 1975 and that a second fire occurred on 18 June 1975. The relevant portion of the insurance policy provided as follows:

The insured shall give immediate written notice to this company of any loss, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, furnish a complete inventory of the destroyed, damaged, and undamaged property showing in detail quantities, costs, actual cash value and amount of loss claimed, and within sixty days after the loss unless such time is extended in writing by this company, the insured shall render to this company a proof of loss signed and sworn to by the insured
. . . .

Plaintiff submitted a proof of loss for the first fire shortly thereafter. Defendant sent an agent to interview plaintiff and his wife but refused to accept the proof of loss because it was incomplete with regard to certain details. Defendant notified plaintiff of its refusal of the proof of loss and requested him to submit proper forms.

In September, 1975, plaintiff submitted another proof of loss on the 11 June fire and again, defendant rejected it because it failed to set forth certain particulars. No proof of loss was submitted on the second fire until March of 1976, and it, too, was rejected as incomplete.

At trial, the following issues were submitted to and answered by the jury:

1. Did the plaintiff sustain damage to his property as the result of fires which occurred on June 11, 1975 and June 18, 1975?

Answer: Yes.

2. Did the plaintiff file with the defendant insurance company a proof of loss as required by the insurance contract?

Answer: No.

3. What amount, if any, is the plaintiff entitled to recover for damage to:

   (a)  Real property
        AMOUNT: $_____

   (b)  Personal property
        AMOUNT: $_____

   (c)  Additional living expense
        AMOUNT: $_____

Judgment was entered for defendant. The Court of Appeals, in an opinion by Judge Hill, Judge Parker concurring, awarded a new trial on the grounds that issue number two was erroneously submitted to the jury. Judge Martin (Harry C.) dissented, and defendant appealed pursuant to G.S. 7A-30.

*Hollowell, Stott & Hollowell, by Grady B. Stott, for defendant appellant.*

*Jim R. Funderburk for plaintiff appellee.*

. BRANCH, Chief Justice.

[1]   The Court of Appeals, in awarding plaintiff a new trial, held that "[t]he second issue, as it is phrased, should not have been tendered to the jury." 46 N.C. App. at 479, 265 S.E. 2d at 501. The court stated that "it is uncontroverted that proofs of loss were filed. The defendant only contends they were incomplete." *Id.* Defendant contends that the second issue was properly submitted since there was ample evidence tending to show that, while plaintiff eventually submitted forms entitled "Proofs of Loss," he failed to "file with the defendant insurance company a proof of loss *as required by the insurance contract.*" [Emphasis added.] We agree. The issue submitted to the jury was not whether a form denominated "Proof of Loss" was filed by plaintiff; rather, the issue was whether the plaintiff filed "a proof of loss *as required by the insurance contract.*" [Emphasis added.] The insurance contract required that the proof of loss be sworn to by the insured. Compliance with the requirements for filing proofs of loss is a prerequisite to recovery under the policy. *Boyd v. Insurance Co.*, 245 N.C. 503, 96 S.E. 2d 703 (1957). Plaintiff testified that he could not remember whether he submitted sworn proofs of loss. Several letters to plaintiff from defendant, admitted into evidence at trial, indicated that the proofs of loss submitted were not sworn statements and thus did not comply with the terms of the policy. Since the evidence conflicted on the issue of whether the proofs of loss filed were in accordance with the terms of the policy, the issue was one for the jury.

[2]   The Court of Appeals also held that there were "sufficient facts to require the court to charge the jury under the provisions of G.S. 58-180.2." 46 N.C. App. at 479, 265 S.E. 2d at 501. The statute in question provides:

§ 58-180.2. *Bar to defense of failure to render timely proof of loss.* — In any action brought to enforce an insurance policy subject to the provisions of this Article, any party claiming benefit under the policy may reply to the pleading of any other party against whom liability is sought which asserts as a defense, the failure to render timely proof of loss as required by the terms of the policy that such failure was for good cause and that the failure to render timely proof of loss has not substantially harmed

the party against whom liability is sought in his ability to defend. The issues raised by such reply shall be determined by the jury if jury trial has been demanded.

The trial court charged the jury:

> In connection with the timely filing within sixty days of the proof of loss, members of the jury, I instruct you that if you find by the greater weight of the evidence that the proof of loss was filed, then I further instruct you that the law of this state further provides that failure to timely file shall not preclude the plaintiff from asserting his claim unless there is a substantial prejudice done the defendant by such untimely filing. *I instruct you that under the law and evidence in this case there is no substantial injury or prejudice to the defendant by the late filing if such were done by the plaintiff.* [Emphasis added.]

Defendant contends that this instruction substantially complies with the wording of the statute. Defendant further maintains that, in any event, the instruction as given is favorable to plaintiff. We agree. The court's charge technically is erroneous, since the statute requires a showing that failure to file timely was for good cause *as well as* a showing that the failure to so file did not substantially harm the party against whom liability is sought. However, the judge in essence relieved plaintiff of the burden of showing good cause and removed the issue of timeliness from the jury's consideration by stating as a matter of law that defendant was not substantially harmed. The court's charge amounted to a peremptory instruction on the issue of timeliness, instructing the jury that, if it found that proper proofs of loss were filed, plaintiff's claim was not barred due to lack of timely filing. Such an instruction was favorable to plaintiff and is not grounds for a new trial. *Hardee v. York*, 262 N.C. 237, 136 S.E. 2d 582 (1964).

[3] Finally, the Court of Appeals held that there were "sufficient allegations in the complaint, admitted by the defendant, and evidence in the record to carry the case to the jury on the question of waiver and estoppel." 46 N.C. App. at 479, 265 S.E. 2d at 501. It is well settled that an insurer may be found to have waived a provision or condition in an insurance policy which is for its own benefit. 43 Am. Jur. 2d, "Insurance" § 1055 (1969). The filing of proofs of loss is such a provision and "is waived by

any conduct on the part of the insurer or its authorized agent inconsistent with an intention to enforce a strict compliance with the insurance contract in such regard." 44 Am. Jur. 2d, "Insurance" § 1509 (1969); *Hicks v. Insurance Co.*, 226 N.C. 614, 39 S.E. 2d 914 (1946). Various patterns of conduct and combinations of acts on the part of insurers have been found to justify a finding of waiver in a particular case.

A well-recognized situation giving rise to a justifiable claim of waiver, and one which plaintiff urges exists on the facts of this case, occurs when the insurer denies liability, on grounds not relating to the proofs, during the period prescribed by the policy for the presentation of proofs of loss. *Commercial Carving Co. v. Manhattan Fire & M. Ins. Co.*, 191 F. Supp. 753 (M.D.N.C. 1961) (applying North Carolina law); 44 Am. Jur., *supra* § 1514. In the instant case, defendant asserted, as an alternative defense to failure to submit proper proofs of loss, that plaintiff was guilty of arson. Plaintiff argues that, under the general rule above, defendant should be deemed to have waived the defense of failure to file the required proofs of loss. Defendant contends that no waiver occurred because the denial of liability on grounds of arson occurred *after* the period prescribed by the policy for the filing of the proofs. We agree.

The rationale for the general rule that denial of liability on grounds other than failure to file proper proofs of loss waives the latter defense is that the "denial of liability is equivalent to a declaration that the insurer will not pay even though proofs are furnished in accordance with the policy, and the law will not require the doing of a vain or useless thing." 44 Am. Jur., *supra*, § 1514; *Gerringer v. Insurance Co.*, 133 N.C. 407, 45 S.E. 773 (1903). Where, as here, the insurer does not deny liability during the applicable sixty-day period, it has not mislead the insured in any way, and there is no basis upon which to predicate a waiver. *Commercial Carving Co. v. Manhattan Fire & M. Ins. Co., supra.*

[4] Even so, plaintiff contends that there is evidence of other conduct on the part of defendant, which, if believed by the jury, would justify a finding of waiver. Plaintiff thus maintains that there was sufficient evidence to require the judge to submit to the jury the issue of estoppel and waiver. Defendant contends, on the other hand, that plaintiff failed to establish a waiver of the requirement of proofs of loss, since plaintiff's own evidence

indicates that defendant continually requested proofs of loss and at no time lulled plaintiff into believing the proffered proofs of loss were adequate.

The resolution of this question requires a twofold inquiry: (1) What types of conduct on the part of the insurer suffice to justify a finding of waiver; and (2) What quantum of proof is necessary to require submission of an issue to the jury?

In answer to the first inquiry, the courts have not hesitated to scrutinize the facts and circumstances of each individual case in determining whether the insurer waived the requirement of proof of loss. Generally, the waiver is not effectuated by a single act, but rather by a series of acts or a course of conduct inconsistent with an intention to enforce the requirement. *See* 44 Am. Jur. 2d, *supra,* § 1509. Included among the factors considered are whether the insurer had actual knowledge of the loss, *Union Indemnity Co. v. Gaines,* 36 Ohio App. 165, 173 N.E. 29 (1930); whether the insurer customarily sent blank forms or promised to send forms, and did not, *Standard Life & Accident Insurance Co. v. Schmaltz,* 66 Ark. 588, 53 S.W. 49 (1899); whether an agent or adjuster made representations to insured indicating that no proofs need be filed; *McCollough v. Home Ins. Co.,* 155 Cal. 659, 102 P. 814 (1909); whether the insurer continued to demand a detailed inventory, *Meekins v. Insurance Co.,* 231 N.C. 452, 57 S.E. 2d 777 (1950); whether the insurer made partial payment or otherwise indicated a recognition of liability by assurances that an adjustment would be made, *Howrey v. Star Ins. Co. of America,* 46 Wyo. 409, 28 P. 2d 477 (1934); and whether the insurer rejected proofs of loss without explicitly stating the deficiencies and the means by which they could be corrected. 44 Am. Jur. 2d, *supra* § 1519.

In response to the second inquiry, evidence is sufficient to go to the jury on an issue when the evidence is sufficient to permit, but not compel, a favorable verdict. 2 Stansbury's North Carolina Evidence § 203 (Brandis Rev. 1972). "[T]he jury may disbelieve the evidence presented, or believe the evidence but decline to draw the inferences necessary to a finding of the ultimate fact, or believe the evidence and draw the necessary inferences." 2 Stansbury's, *supra,* § 218. If the evidence is more than a scintilla, and if it reasonably tends to prove the fact in

issue, the issue must be submitted to the jury. *Howell v. Law-less*, 260 N.C. 670, 133 S.E. 2d 508 (1963).

In the instant case, plaintiff's evidence tended to show the following: He notified defendant of the fires, and defendant sent several agents to talk with plaintiff and his wife. At least one agent took a statement from plaintiff regarding the fire. One representative gave him a number of pink slips to fill out and promised to supply additional slips but never did. Plaintiff testified that,

> [An agent] gave me some pink slips but there wasn't enough and he was supposed to bring me some more. He never did bring any more to me . . . and I called Raleigh. . . . I called Mr. Russell in Raleigh and he said he would mail them, and this gentleman here said he had to be right back at my house on a certain date, and he would bring them by, and he ain't done it until this date, but I did fill them out the best I knew how. At his instructions, I filled out the pink slips.

The defendant's representative also instructed plaintiff to appraise the damaged property and, if necessary, "go to Sears Roebuck and get you a Sears Roebuck catalog and go through it — and I know it's time consuming — and appraise it according to the price in the catalog." At the agent's direction, plaintiff moved temporarily to "the Howard Johnson Motel on Highway 321." Plaintiff also testified that,

> He offered me some money and said he would give me a couple of weeks in advance and I said, "Well, I think I can make out," and he said, "Well, he didn't think it would take more than ten or twenty days."

Finally, plaintiff testified that he received several letters from defendant rejecting his proofs of loss, but "[t]hey never did tell me what was wrong."

Evidence for defendant tended only to show that it continued to reject the proofs of loss and to request proper ones. The remainder of plaintiff's evidence is uncontradicted, and, in fact, one of defendant's witnesses testified that he prepared estimates of the fire damage shortly after each fire at the request of defendant. In our view, the evidence in this case is

sufficient to permit, but not compel, a jury to find that defendant, by words or conduct, waived the requirement of proofs of loss. The defendant's evidence does not, as a matter of law, compel a contrary conclusion. *See* 2 Stansbury's *supra*, § 203. We, therefore, hold that the issue of waiver should have been submitted to the jury.

Although we are ordering a new trial in this action on other grounds, we are constrained to point out that upon retrial another issue must be submitted to the jury. In addition to the issues submitted by the trial court here, and the issue of waiver upon which our reversal is predicated, the jury should be directed, upon proper instructions, to answer the issue of whether, if they find that plaintiff's proofs of loss were deficient because not timely filed, the failure to file timely was for good cause, and whether the failure to file timely proofs resulted in substantial harm to the insurer in its ability to defend the case.

The decision of the Court of Appeals awarding plaintiff a new trial is

Modified and Affirmed.

Justice BROCK did not participate in the consideration or decision of this case.