WALTER D. THOMPSON AND WIFE, RACHEL J. THOMPSON v. THE HOME INSURANCE COMPANY

No. 8218SC711

(Filed 7 June 1983)

**Insurance § 130— fire insurance—notarized proof of loss—"sworn to" requirement**

Plainitffs complied with the requirements of G.S. 58-176(c) and a fire insurance policy that a proof of loss "be signed and sworn to by the insured" when they signed a proof of loss before a notary public who recited that the proof of loss was "sworn to" before her even though plaintiffs were not administered oaths by the notary before they signed the proof of loss.

APPEAL by plaintiffs from *Davis, Judge.* Judgment entered 26 February 1982 in Superior Court, GUILFORD County. Heard in the Court of Appeals 12 May 1983.

This is an action on a fire insurance policy. Evidence at a jury trial showed that the plaintiffs owned a building insured by the defendant which was destroyed by fire on 11 August 1980. On 18 August 1980 the plaintiffs submitted a proof of loss to the defendant. The proof of loss was signed by both plaintiffs. It was notarized by Janet Rossler with the statement, "Subscribed and sworn to before me this 18th day of August 1980" above her signature. Defendant demanded, pursuant to the provisions of the insurance policy, that the plaintiffs submit to an examination before a notary public, which the plaintiffs did on 29 September 1980. Both plaintiffs testified before the notary public that they signed the proof of loss before a notary public who notarized it for them. Each of them testified that neither of them took an oath at the time they signed the proof of loss. They testified that the statements made in the proof of loss were true.

The court granted the defendant's motion for directed verdict at the end of the plaintiff's evidence. The plaintiffs appealed.

*Short and Simpson, by W. Marcus Short; and Nichols, Caffrey, Hill, Evans and Murrelle, by Lindsay R. Davis, Jr. and Harold W. Beavers, for plaintiff appellants.*

*Tuggle, Duggins, Meschan, Thornton and Elrod, by J. Reed Johnston, Jr. and Joseph E. Elrod, III, for defendant appellee.*

WEBB, Judge.

Plaintiffs and defendant agree that the resolution of this appeal depends on whether the plaintiffs properly executed the proof of loss. The insurance policy, as required by G.S. 58-176(c), contained the following provision:

> "within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss signed and sworn to by the insured...."

The evidence showed that the plaintiffs signed the proof of loss before a notary public who recited that the proof of loss was "sworn to" before her. The defendant contends this was not sufficient since the plaintiffs were not administered oaths by the notary public before they signed the proof of loss. The plaintiffs were examined under oath by a notary public within sixty days of the fire, at which time the plaintiffs testified the statements in the proof of loss were true, but the defendant argues this does not cure the defect. We hold that the execution of the proof of loss by the plaintiffs complied with the terms of the policy. We do not believe that the intention of the General Assembly, as expressed in G.S. 58-176(c) and made a part of the fire insurance policy, is that a claimant on a policy should be denied coverage if he or she executes the proof of loss before a notary without raising his or her hand and swearing to the truth of the statements in the proof of loss. We hold that evidence that the parties in fact signed before a notary public who then recited that the proof of loss was sworn to before her is sufficient.

The defendant relies on *Brandon v. Insurance Co.*, 301 N.C. 366, 271 S.E. 2d 380 (1980) and *Boyd v. Insurance Co.*, 245 N.C. 503, 96 S.E. 2d 703 (1957). We do not believe either of these cases controls. In *Brandon*, the insurance company refused to accept a proof of loss because it was incomplete. In *Boyd*, the plaintiff did

not file the action within twelve months as required by the policy. Neither case dealt with the execution of a proof of loss by swearing to it before a notary public.

The defendant also argues that the policy provides that it shall be void "in case of any fraud or false swearing by the insured relating thereto" and that the defense of false swearing could be avoided by a plaintiff testifying that he did not swear to the proof of loss. We do not believe the holding of this case eliminates any defense based on a false statement by a claimant in a proof of loss. The defendant, relying on G.S. 10-5, points out that there is a difference between verifying an acknowledgement and administering an oath. We recognize this as true, but we hold that in this case the provision in the policy that the proof of loss be sworn to was satisfied when there was proof that the parties signed in the presence of a notary public who recited the proof of loss was sworn to before her.

We hold it was error to grant the defendant's motion to dismiss.

Reversed and remanded.

Judges WHICHARD and BRASWELL concur.