HARRY G. SMITH v. NORTH CAROLINA FARM BUREAU MUTUAL IN-
SURANCE COMPANY

No. 78A87

(Filed 5 November 1987)

Insurance § 130— fire insurance—failure to give timely proof of loss—good cause—
prejudice—burden of proof

> The insured under a fire insurance policy must bear the burden of proof
> as to "good cause" for the failure to give timely proof of loss that fully com-
> plied with policy provisions, and the insurer then must bear the burden of
> proof as to prejudice.

ON appeal of right from the decision of a divided panel of the
Court of Appeals, 84 N.C. App. 120, 351 S.E. 2d 774 (1987), revers-
ing a judgment entered by *Gray, J.*, on 10 March 1986 in Superior
Court, AVERY County. Heard in the Supreme Court 9 September
1987.

*Glover & Petersen, by James R. Glover; and Goodman & Mc-
Connell, by Daniel J. Goodman, for the plaintiff appellee.*

*Morris, Golding, Phillips & Cloninger, by William C. Morris,
Jr. and Thomas R. Bell, Jr., for the defendant appellant.*

MITCHELL, Justice.

The sole issue before us is whether the Court of Appeals
erred in extending certain of the principles and reasoning of
*Great American Insurance Co. v. C.G. Tate Construction Co.*, 303
N.C. 387, 279 S.E. 2d 769 (1981), to a claim under a fire insurance
policy, when the defense was failure of the claimant to render
proof of loss as required by the terms of the policy. We affirm the
Court of Appeals' ruling.

The plaintiff, Harry G. Smith, introduced evidence at trial
tending to show that he purchased a house and surrounding prop-
erty in Banner Elk, North Carolina in the early 1970s. He leased

the property to others for a number of years. In 1979 the plaintiff decided to move into the house himself. At that time he purchased a fire insurance policy from the defendant, Farm Bureau Mutual Insurance Company ("Farm Bureau"), covering the house, appurtenant structures, and miscellaneous expenses.

A square building with a concrete floor was located a few feet behind the main house. The plaintiff undertook to turn it into a "guest house." After the renovations were complete, he decided to spend the night there before having guests for the weekend.

The plaintiff stayed in the main house until about 1:00 a.m. on the night of 12 February 1981 and then retired to the "guest house." About fifteen minutes later he heard a "popping" noise. He went outside to investigate, walked all the way around the house, and saw nothing out of the ordinary. He went back to bed. In a few minutes he smelled smoke and went outside again to investigate. He was looking at the front of the house when all the lights went off. He walked further around the house and saw a "small flicker" of fire on the second floor. He ran to his mobile home located on the property to use the telephone, but the door was frozen shut.

About that time a power line running to the house started arcing and shooting sparks and flames. Traffic was stopping on the public road that went by the property. The plaintiff sent a passerby to call the fire department, and fire fighters arrived approximately thirty to forty-five minutes later. The back of the house was totally consumed when they arrived.

The house and its contents were a complete loss. The plaintiff contacted Farm Bureau and was instructed to file a proof of loss form. When he submitted the form, a number of items remained blank, including the actual cash value of the property involved, the total amount of loss to the property, and the time and origin of the loss. Farm Bureau refused to pay on the claim, alleging several defenses including the plaintiff's failure to file a proper proof of loss within sixty days as required by the policy.

The plaintiff then commenced this action by filing a complaint seeking recovery under his fire insurance policy, and the case came to trial. At the conclusion of the plaintiff's evidence, Farm Bureau rested without offering evidence and moved for a

directed verdict of dismissal on the ground that the plaintiff had failed to show that the proof of loss required by the policy was properly submitted. The trial court allowed Farm Bureau's motion for a directed verdict, and the plaintiff appealed.

A divided panel of the Court of Appeals (Judge Eagles with Judge Arnold concurring and Judge Johnson dissenting) reversed the trial court and held that the evidence presented a jury question as to whether the plaintiff's failure to comply strictly with the policy provisions should bar his recovery. The majority noted that N.C.G.S. § 58-176(c) sets out terms that by law are incorporated into every fire insurance policy issued in North Carolina. One of those provisions requires the insured to submit to the insurer a sworn proof of loss statement containing certain information within sixty days of the loss. The plaintiff acknowledged that he had failed to comply fully with that provision. Nevertheless, the Court of Appeals held that such failure was not necessarily fatal to the plaintiff's case. The majority correctly noted that, under the provisions of N.C.G.S. § 58-180.2, the failure to comply with the proof of loss provisions does not relieve the insurer of its obligation to pay under the policy if the failure was for "good cause" and did not prejudice the insurer's ability to defend. 84 N.C. App. at 122-23, 351 S.E. 2d at 776, citing *Brandon v. Insurance Co.*, 301 N.C. 366, 271 S.E. 2d 380 (1980).

Having correctly determined that N.C.G.S. § 58-180.2 was applicable, the majority noted that the statute was silent as to which party had the burden of proof on the issues of "good cause" and "prejudice." To resolve this issue, the majority in the Court of Appeals relied on this Court's decision in *Great American Insurance Co. v. C.G. Tate Construction Co.*, 303 N.C. 387, 279 S.E. 2d 769 (1981) (*Great American I*), which held, in the context of an automobile liability policy, that the plaintiff had the burden of proving "good faith" and the insurance company had the burden of proving "prejudice." The majority in the Court of Appeals concluded that the reasoning of *Great American I* applied equally as well here.

The Court of Appeals then considered whether the plaintiff had submitted sufficient evidence of "good faith" to go to a jury. The majority relied on this Court's opinion in *Great American Insurance Co. v. C.G. Tate Construction Co.*, 315 N.C. 714, 340 S.E.

2d 743 (1986) (*Great American II*), which held that "good faith" was a subjective issue and depended on whether the insured had knowingly or purposely withheld the required information. The majority in the Court of Appeals held that the term "good cause" in N.C.G.S. § 58-180.2 includes the same kind of subjective "good faith" defined in *Great American II*. The majority then concluded that the plaintiff's evidence was sufficient to raise a jury question as to whether the plaintiff had such "good cause" for failing to supply a proof of loss that fully complied with the policy provisions. Because the plaintiff had offered sufficient evidence to raise a jury question on the issue of "good cause" and the insurance company had offered no evidence of prejudice, the trial court's order awarding a directed verdict for the defendant was reversed.

Judge Johnson filed a dissenting opinion in the Court of Appeals in which he challenged the majority's extension of the principles of *Great American I* to fire insurance cases. The dissent reasoned that, unlike *Great American I*, this case did not involve the insurer's ability to defend the insured, the insurer's obligation to indemnify the insured, or the interests of innocent third parties. The dissent stated that the plaintiff's "woefully inadequate" proof of loss form raised a "different issue" than that addressed in *Great American I*.

Farm Bureau filed notice of appeal to this Court based solely on the dissent in the Court of Appeals. Rule 16(b) of the North Carolina Rules of Appellate Procedure limits the scope of review in appeals based solely on a dissent to those issues that are specifically given as the basis for the dissenting opinion. Therefore, the only issue properly before this Court is whether the Court of Appeals correctly applied *Great American I*, even though the defendant raises other issues in its brief.

The "proof of loss provision" of the statutory standard fire insurance policy is part of a series of clauses that require the insured to provide prompt notice of the loss, separate the damaged from the undamaged property, provide an inventory of the damaged property, submit to examinations under oath, provide financial records, and, when requested, to exhibit the damaged property to insurance representatives. All of these statutory policy provisions are designed to allow the insurance company to in-

vestigate the nature and cause of the loss so as to protect its interests.

For many years this Court held that a failure to provide proof of loss as required by any insurance policy operated as a forfeiture of the insured's right to recover for a loss covered by the policy. *E.g., Boyd v. Bankers Shippers Insurance Co.*, 245 N.C. 503, 96 S.E. 2d 703 (1957); *Gardner v. Carolina Insurance Co.*, 230 N.C. 750, 55 S.E. 2d 694 (1949); *Zibelin v. Pawtucket Mutual Fire Insurance Co.*, 229 N.C. 567, 50 S.E. 2d 290 (1948). The rationale for this potentially harsh rule was that it was the obligation of the courts to enforce the contract as written, because the insurance company was entitled to the benefit of the terms it had negotiated. In 1981, however, this Court in *Great American I* rejected any such strict forfeiture approach under a liability insurance policy and applied instead the more modern approach of considering whether the failure, in good faith, to strictly comply with the contract had caused the insurer any prejudice.

The plaintiff in *Great American I* failed to comply with an insurance policy provision requiring notice of an accident "as soon as practicable." The defendant insurance company sought a declaratory judgment that, as a result, it had no obligation to defend or indemnify the plaintiff. This Court held that a delay, in good faith, by the insured in giving notice to the insurer of the accident did not relieve the insurer of its obligation to defend and indemnify, unless the delay materially prejudiced the insurer's ability to investigate and defend. The rationale for our ruling was twofold:

> The terms of an insurance contract are not bargained for in the traditional sense. Insurance policies are offered on a take-it-or-leave-it basis and, frequently, the only term over which the insured has any say is the amount of coverage. [In addition,] strict interpretation of the notice requirement leads to harsh results: failure to notify the insurer within a reasonable time, for whatever reason, relieves the insurer of its obligations to defend and indemnify, the essence of the contract, even though it may have suffered no prejudice whatsoever as a result of the delay.

*Great American I*, 303 N.C. at 395, 279 S.E. 2d at 774 (1981).

It is clearly established by statute, which the majority in the Court of Appeals relied on, that:

> In any action brought to enforce . . . [a fire] insurance policy subject to the provisions of this Article, any party claiming benefit under the policy may reply to the pleading of any other party against whom liability is sought which asserts as a defense, the *failure to render timely proof of loss* as required by the terms of the policy that such failure *was for good cause* and that the failure to render timely proof of loss *has not substantially harmed* the party against whom liability is sought in his ability to defend. The issues raised by such reply shall be determined by the jury if jury trial has been demanded.

N.C.G.S. § 58-180.2 (1982 & Cum. Supp. 1985) (emphasis added). This statute was enacted eight years before *Great American I* was decided. Opinions by the Court of Appeals and this Court have reached the conclusion that the effect of the statute was to alter earlier holdings which had dictated that a defect in the proof of loss under the terms of a fire insurance policy operates as a strict forfeiture of the right to recover for a loss. *E.g., Brandon v. Nationwide Mutual Fire Insurance Co.*, 46 N.C. App. 472, 265 S.E. 2d 497, *modified and aff'd*, 301 N.C. 366, 271 S.E. 2d 380 (1980).

The dissent in the Court of Appeals in the present case took no issue with the majority's conclusion that, with regard to fire insurance cases, the statute rejected the result of the older line of strict forfeiture cases. The dissent simply objected to the majority's extension of the principles of *Great American I* to fire insurance policies. Therefore, the only question before this Court on Appeal is the application of *Great American I*. App. R. 16.

Although the statute addresses the issues of "good cause" and "substantial harm" when there is a defect in the proof of loss for claims made under a fire insurance policy, it does not specifically say who has the burden of proof on such issues. As a result, the majority in the Court of Appeals relied on the reasoning of *Great American I* only for assigning the burdens of proof, and *for no other purpose*. The appeal by reason of the dissent, therefore, presents only this issue of the proper placement of the burdens of proof for our review.

In *Great American I* we held that the insured has the burden of showing "good faith" in failing to properly notify the insurance company. 303 N.C. at 399, 279 S.E. 2d at 776. Once that burden is carried, "the burden then shifts to the insurer to show that its ability to investigate and defend was materially prejudiced by the delay." *Id.* We reasoned that the insurer must bear the burden of proof on the issue of prejudice because it is in the better position to offer proof on the issue and because such allocation of the burden encourages the insurer to investigate quickly once it has actual notice. 303 N.C. at 398, 279 S.E. 2d at 776. The majority in the Court of Appeals correctly concluded that the same reasoning applied equally as well to the proof of loss provisions of a fire insurance contract. Accordingly, the majority held that the insured under the fire insurance policy must bear the burden of proof as to "good cause" for the failure to give timely proof of loss, but the insurer must bear the burden of proof as to prejudice. We agree.

For the reasons stated herein, the decision of the Court of Appeals is affirmed.

Affirmed.