FOURNIER v. HAYWOOD COUNTY HOSPITAL

[95 N.C. App. 652 (1989)]

---

ALCIDE J. FOURNIER, PLAINTIFF v. HAYWOOD COUNTY HOSPITAL, DEFENDANT

No. 8830SC1389

(Filed 19 September 1989)

**Hospitals § 3; Physicians, Surgeons and Allied Professions § 12 — medical malpractice by hospital — sufficiency of complaint**

Plaintiff's complaint was sufficient to state a claim against defendant hospital for medical malpractice where it alleged that plaintiff entered the hospital for hernia surgery; under the direction of his doctors, plaintiff was anesthetized by agents or employees of the hospital and his left arm was strapped to the operating table; immediately after the surgery, he noticed a numbness in his left hand, and this numbness has spread and worsened; and this condition has been diagnosed as ulnar neuropathy and was the direct and proximate result of the negligent procedures employed in anesthetizing and immobilizing plaintiff during surgery.

APPEAL by plaintiff from Preston (Edwin S., Jr.), Judge. Order entered 7 December 1987 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 23 August 1989.

On August 27, 1984 plaintiff entered Haywood County Hospital on the advice of his doctor, Henry B. Perry, M.D., for a right inguinal herniorrhaphy. The plaintiff was anesthetized and his left arm was strapped to the operating table. Surgery was performed successfully on August 28, 1984.

FOURNIER v. HAYWOOD COUNTY HOSPITAL

[95 N.C. App. 652 (1989)]

Immediately after surgery, plaintiff began to notice numbness in the fingers of his left hand. This condition has spread and worsened.

Plaintiff filed suit on 31 July 1987 against defendant Haywood County Hospital, Dr. Henry B. Perry and Dr. W. K. Braswell alleging medical malpractice. Plaintiff alleged that Dr. Perry, Dr. Braswell "and employees, agents, and/or servants of defendant . . . negligently" performed the surgery which resulted in ulnar neuropathy. In paragraph fourteen of his complaint, plaintiff alleges that this condition is the direct and proximate result of the negligent procedures employed in anesthetizing him and immobilizing his left arm during his inguinal herniorrhaphy. Defendant Haywood County Hospital moved to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6). On 7 December 1987, the court granted its motion to dismiss. On 24 August 1988 plaintiff filed a voluntary dismissal as to Drs. Perry and Braswell. Plaintiff appeals the dismissal of his claims against Haywood County Hospital. We reverse.

*Horton, Jarvis, Moore & Ferguson, P.A., by Hallett S. Ward, III, for plaintiff-appellant.*

*Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Gene B. Johnson and Michelle Rippon, for defendant-appellee.*

LEWIS, Judge.

The sole issue before us is whether plaintiff sufficiently set out his claim against Haywood County Hospital for medical malpractice. Plaintiff claims that his complaint sufficiently set out the standard of care, the acts and omissions of defendant, proximate cause and damages. Plaintiff argues his complaint, although "bare boned" in its content, is enough under our notice pleading requirements.

G.S. 1A-1, Rule 8(a)(1) requires only "a short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions . . . showing that the pleader is entitled to relief." However, the claim must still satisfy requirements of substantive law and it must give the substantial elements of the claim or it is subject to dismissal under 12(b)(6). *Sutton v. Duke*, 277 N.C. 94, 105, 176 S.E.2d 161, 167 (1970); *Stanback v. Stanback*, 297 N.C. 181, 202, 254 S.E.2d 611, 625 (1979). Defendant argues that plaintiff's claim is not sufficient because 1) he failed to allege the agency of Drs. Braswell and Perry; 2) he did not identify any act or omission by the "employers or agents"

FOURNIER v. HAYWOOD COUNTY HOSPITAL

[95 N.C. App. 652 (1989)]

who allegedly committed the acts; 3) he failed to allege what duty defendant violated; and 4) he failed to allege what orders the doctors gave and whether such orders were negligent.

Under the "notice theory" of pleading contemplated by Rule 8(a)(1), detailed fact pleading is no longer required. *Sutton v. Duke, supra*. A complaint is adequate if it gives sufficient notice of the claim asserted "to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of *res judicata*, and to show the type of case brought. . . ." *Sutton v. Duke, supra* at 102, 176 S.E.2d at 165.

In the present case, plaintiff alleged that under the direction of his doctors, agents or employees of the hospital anesthetized him, that immediately after the surgery he noticed numbness in his left hand, later diagnosed as ulnar neuropathy, and that this condition was the direct and proximate result of the negligent procedures employed in anesthetizing him and immobilizing him during his surgery. Although plaintiff could have served "a bit more meat with the bare bones," *Nolan v. Boulware*, 21 N.C. App. 347, 350-51, 204 S.E.2d 701, 704 (1974), *cert. denied*, 285 N.C. 590, 206 S.E.2d 863 (1974), of his complaint, any vagueness or lack of detail should have been attacked by a motion for more definite statement and not a motion to dismiss. *Redevelopment Comm. of the City of Washington v. Grimes*, 277 N.C. 634, 645-46, 178 S.E.2d 345, 352 (1971). Pleadings must be liberally construed to do substantial justice, and must be fatally defective before they may be rejected as insufficient. *Smith v. N.C. Farm Bureau Mut. Ins. Co.*, 84 N.C. App. 120, 123, 351 S.E.2d 774, 776, *aff'd*, 321 N.C. 60, 361 S.E.2d 571 (1987).

In the present case, defendant did not make a motion for a more definite statement. In fact, as it appears from its answer, Haywood County Hospital had no difficulty understanding the nature of plaintiff's claim and was able to answer his complaint.

We find that while plaintiff's complaint may constitute notice, however slight, it did sufficiently set forth the events and claims so as to enable the defendant to answer and prepare for a trial on the merits.

Reversed.

Chief Judge HEDRICK and Judge ORR concur.