McFADYEN v. FREEMAN

[127 N.C. App. 202 (1997)]

———————

LACY McFADYEN, WILLIE HORSLEY, WAYNE CLAY, DONALD WHITAKER, WILLIAM R. MOORE, CHARLES WARD, LEROY DOUGLAS, LUTHER THOMAS AND JOHN M. McKOY, PLAINTIFFS v. FRANKLIN FREEMAN, IN HIS OFFICIAL CAPACITY AS THE SECRETARY OF NORTH CAROLINA DEPARTMENT OF CORRECTION, AND THE NORTH CAROLINA DEPARTMENT OF CORRECTION, DEFENDANTS

No. COA96-1129

(Filed 5 August 1997)

**State § 27 (NCI4th)— claim against DOC—breach of contract—exception to sovereign immunity**

The amended complaint of school principals and assistant principals of the Department of Correction alleging that the Department violated provisions of their written employment contracts providing that they were to be compensated at sums complying with the State Salary Schedule and that their salaries are

governed by N.C.G.S. § 115C-285 stated a claim for breach of contract which falls within the contract exception to the doctrine of sovereign immunity.

Defendants appeal from order entered 26 June 1996 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 13 May 1997.

*Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A., by Thomas M. Stern and James E. Ferguson, III, for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General Valerie L. Bateman, for the State.*

TIMMONS-GOODSON, Judge.

Defendant Franklin Freeman, in his official capacity as Secretary of the North Carolina Department of Correction, and defendant North Carolina Department of Correction ("DOC") appeal from an order denying their motion to dismiss plaintiffs' complaint pursuant to Rules 12(b)(1), (2), and (6) of the North Carolina Rules of Civil Procedure and allowing plaintiffs' motion for leave to amend their complaint. For the reasons stated herein, we affirm the order of the trial court.

Plaintiffs, who served as principals and assistant principals of DOC, filed suit alleging that North Carolina General Statutes sections 115C-285(a)(7), 126-5(c3) and 115C-32 require that plaintiffs, like their counterparts in public schools, be compensated in accordance with the State of North Carolina Salary Schedule. Plaintiffs' complaint further alleged that defendants violated these statutes and that they breached employment contracts with plaintiffs by paying them lower salaries than those to which they were entitled. Defendants filed a motion to dismiss plaintiffs' complaint pursuant to Rules 12(b)(1), (2), and (6) of the North Carolina Rules of Civil Procedure. Plaintiffs filed a motion for leave to amend their complaint. The trial court denied defendants' motion to dismiss and allowed plaintiffs' motion to amend their complaint. Defendants appeal.

Defendants first argue that the trial court erred when it denied their motion to dismiss plaintiffs' complaint and granted plaintiffs leave to file an amended complaint. Defendants contend that the defense of sovereign immunity shields them from suit, because both

the original and amended complaints fail to allege facts sufficient to state a valid claim for breach of contract under *Smith v. State*, 289 N.C. 303, 222 S.E.2d 412 (1976).

At the outset, we note that denial of a motion to dismiss is interlocutory; however, issues involving sovereign immunity are immediately appealable. *Faulkenbury v. Teachers' & State Employees' Retirement System*, 108 N.C. App. 357, 424 S.E.2d 420, *disc. review denied*, 334 N.C. 162, 432 S.E.2d 358 (1993). Thus, the trial court's denial of defendants' motion to dismiss is properly before this Court.

Plaintiffs' amended complaint alleges as follows: "DOC's employment contract for probationary principals provides that they are to be paid 'the sum to which [they are] entitled according to the applicable State Salary Schedule.' " Plaintiffs contend that this allegation, taken together with the other allegations in the amended complaint, sets out a contract violation claim falling squarely within the contract exception to sovereign immunity recognized in *Smith*, 289 N.C. 303, 222 S.E.2d 412.

In *Smith*, our Supreme Court articulated a contract exception to the doctrine of sovereign immunity. The Court declared:

> We hold . . . that whenever the State of North Carolina, through its authorized officers and agencies, enters into a valid contract, the State implicitly consents to be sued for damages on the contract in the event it breaches the contract. Thus, in this case, and in causes of action on [sic] contract arising after the filing date of this opinion, . . . the doctrine of sovereign immunity will not be a defense to the State.

*Id.* at 320, 222 S.E.2d at 423-24. Thus, our inquiry on appeal is whether plaintiffs' amended complaint sets forth a sufficient breach of contract claim. As previously noted, the amended complaint alleged that plaintiffs had written employment contracts with the DOC which provided that they were to be compensated at sums complying with the State Salary Schedule. Further, plaintiffs alleged that their salaries were governed by section 115C-285, which provides that:

> [a]ll persons employed as principals in the schools and institutions listed in subsection (p) of G.S. 115C-325 [which includes DOC] shall be compensated at the same rate as are teachers in the public schools in accordance with the salary schedule adopted by the State Board of Education.

N.C. Gen. Stat. § 115C-285(a)(7) (Cum. Supp. 1996).

Accordingly, plaintiffs' amended complaint is sufficient in that "it gives notice of the events and transactions and allows the adverse party to understand the nature of the claim and to prepare for trial." *Smith v. N. C. Farm Bureau Mutual Ins. Co.*, 84 N.C. App. 120, 123, 351 S.E.2d 774, 776 (citing *Henry v. Dean*, 310 N.C. 75, 310 S.E.2d 326 (1984)), *aff'd*, 321 N.C. 60, 361 S.E.2d 571 (1987). Moreover, the amended complaint gives adequate notice to defendants that plaintiffs claim an invasion of their property rights. Therefore, the trial court did not err in denying defendants' motion to dismiss.

In light of the foregoing, the trial court's denial of defendants' motion to dismiss is affirmed.

Affirmed.

Judges COZORT and MARTIN, Mark D., concur.

Judge COZORT concurred prior to 31 July 1997.