BERNARD CHAUNCEY *vs.* ROYAL INSURANCE COMPANY, LIMITED.

Suffolk.    March 3, 4, 1931. — April 2, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Insurance*, Sworn statement of loss, Waiver, Theft. *Waiver.*

Where a policy of insurance against loss of an automobile by theft contained provisions requiring notice of loss forthwith and, within sixty days, unless such time was extended in writing by the company, a statement of specified particulars signed and sworn to by the insured; that the company should not be held to have waived any provision or condition of the policy by any act relating to appraisal or examination, and that no action on the policy could be sustained unless the insured "shall have fully complied with all the foregoing requirements," one thus insured could not maintain an action upon the policy if he had not rendered such sworn statement, although it was agreed in open court at the trial of such action that the plaintiff gave proper notice of the loss to the defendant and that an adjuster representing the defendant and another adjuster duly authorized by the plaintiff entered into an agreement whereby a provision in the policy with respect to arbitration was waived upon an agreement being made as to the amount of the loss.

CONTRACT upon a policy of insurance against loss of an automobile through theft. Writ dated April 11, 1929.

In the Superior Court, the action was tried before *Walsh*, J. Material evidence and an agreement made in open court are described in the opinion. The defendant rested at the close of the plaintiff's evidence and moved that a verdict be ordered in its favor. The motion was denied. There was a verdict for the plaintiff in the sum of $499.79. The defendant alleged exceptions.

*C. F. Albert,* for the defendant.

*C. Alpert,* (*I. Bernstein* with him,) for the plaintiff.

CROSBY, J. This is an action brought on an insurance policy to recover for the loss of the plaintiff's automobile by theft. The plaintiff on October 11, 1927, purchased a seven-passenger sedan from the Boston Buick Company under a conditional sale contract, and a policy was issued to him by the defendant. On that date and for one month thereafter he lived in Revere. He then took the automobile to Miami, Florida, where he remained until he returned to Revere on or about July 20, 1928. During two weeks of his stay in Miami he carried passengers in the automobile and received compensation therefor at the rate of about $10 or $12 a day. On August 22, 1928, he parked the automobile on Ellis Street, in Lynn, and spent the evening at a theatre. When he returned at about eleven o'clock that evening to the place where he had parked the automobile, it was not there. It was later found in a damaged condition in Peabody. It was agreed in open court that the plaintiff gave proper notice of the loss to the defendant, and that an adjuster representing the defendant and another adjuster duly authorized by the plaintiff entered into an agreement whereby the provision in the policy with respect to arbitration was waived upon an agreement being made that the amount of the loss was $675.

The relevant provisions of the policy contained the following recitals: " . . . This policy is made and accepted subject to the provisions, exclusions, conditions and warranties set forth herein (including those printed on the following pages) or endorsed hereon, and upon acceptance of this policy the Assured agrees that its terms embody all agreements then existing between himself and the Company . . . NOTICE AND PROOF OF LOSS. In the event of loss or damage the Assured shall give forthwith notice thereof in writing to this Company; and within sixty (60) days after such loss, unless such time is extended in writing by this Company; shall render a statement to this Company signed and sworn to by the Assured, stating

the place, time and cause of the loss or damage, the interest of the Assured and of all others in the property, the sound value thereof and the amount of loss or damage thereon, all encumbrances thereon, and all other insurance whether valid or not covering said property . . . PAYMENT OF LOSS. This Company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal, or to any examination herein provided for; and the loss shall in no event become payable until sixty (60) days after the notice, ascertainment, estimate and verified proof of loss herein required have been received by this Company, and if appraisal is demanded, then, not until sixty days after an award has been made by the appraisers . . . SUIT AGAINST COMPANY. No suit or action on this policy or for the recovery of any claim hereunder shall be sustainable in any court of law or equity unless the Assured shall have fully complied with all the foregoing requirements . . . ."

At the close of the plaintiff's case the defendant rested and filed a motion for a directed verdict which was denied subject to its exception. The defendant also excepted to the refusal of the judge to give its first and tenth requests, and to such portions of the charge as were inconsistent with those requests.

It has long been settled that, under a provision in a policy of insurance providing that the insured in case of loss shall render within a time specified a sworn statement of such loss, such a provision must be complied with to entitle the insured to recover. The performance of such a provision is a condition precedent to the defendant's liability. *Boruszweski* v. *Middlesex Mutual Assurance Co.* 186 Mass. 589. *Rockwell* v. *Hamburg-Bremen Fire Ins. Co.* 212 Mass. 318. *Urbaniak* v. *Firemen's Ins. Co. of Newark,* 227 Mass. 132. *Navickis* v. *Fireman's Fund Ins. Co.* 235 Mass. 256. *Larner* v. *Massachusetts Bonding & Ins. Co.* 238 Mass. 80, 82. *Shapiro* v. *Security Ins. Co.* 256 Mass. 358, 365. *Ray* v. *Fidelity & Deposit Co. of Maryland, ante,* 184. The policy in the case at bar required the insured within sixty days, unless the

time was extended in writing by the company, to render to it a statement setting forth the information therein required. The rendering of such a statement of loss is made a condition precedent to recovery against the defendant. Besides, the policy expressly provides under "PAYMENT OF LOSS" that the "loss shall in no event become payable until sixty (60) days after the notice, ascertainment, estimate and verified proof of loss herein required have been received by this Company . . . ." And under the heading "SUIT AGAINST COMPANY" it is stated that "No suit or action on this policy or for the recovery of any claim hereunder shall be sustainable in any court of law or equity unless the Assured shall have fully complied with all the foregoing requirements." There is nothing in the record to show that the plaintiff within sixty days after the loss of his automobile, or at any other time, rendered to the defendant a statement signed and sworn to by him as required by the policy. There is nothing to show that the defendant extended the time for rendering the statement, nor that such requirement was waived by it. *Rockwell* v. *Hamburg-Bremen Fire Ins. Co.*, *supra.* It is manifest that because of the failure of the plaintiff to comply with this condition of the policy the action cannot be maintained. *Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169, is not pertinent to the facts in the case at bar.

In view of the conclusion reached, it is unnecessary to consider whether the plaintiff is precluded from recovery upon other grounds argued by the defendant. As the defendant's motion for a directed verdict should have been granted, all other exceptions have become immaterial.

*Exceptions sustained.*
*Judgment for the defendant.*