■ NINTH FEDERAL SAVINGS AND LOAN ASSOCIATION OF NEW YORK CITY, Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent, et al., Defendant. — Order entered April 4, 1983 in Supreme Court, New York County (Ethel Danzig, J.), granting defendant New York Property Insurance Underwriting Association's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied upon condition that plaintiff submit a completed proof of loss within 30 days of entry of this court's order, without prejudice to a renewal of the motion in the event plaintiff fails to so comply. At issue is whether plaintiff's omission of item No. 6 on the first "proof of loss" statement filed, and its omission of items Nos. 6 and 7 on the second "proof of loss" statement constituted an "unexcused and willful refusal to comply" with the insurance contract requirement which is a condition precedent to a suit for losses covered under the policy. (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 53 NY2d 835, 837; Insurance Law, § 168; compare *Mortgagee Affiliates Corp. v Commercial Union Ins. Co.,* 27 AD2d 119, 121-122.) As indicated, this is not a case where plaintiff wholly failed to submit a "proof of loss" statement after a request pursuant to section 172 of the Insurance Law had been made. (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn., supra; Syd's Decorators v New York Prop. Ins. Underwriting Assn.,* 97 AD2d 722.) Rather, plaintiff merely left blank item No. 6, which sought the actual cash value of the property. After this "proof of loss" statement was "rejected" by the insurer because of this omission, plaintiff submitted anew, this time further omitting item No. 7 as well — "The Whole Loss and Damage" figure. By letter to plaintiff's adjuster the insurer rejected this statement in proof of loss, also. While we find specious plaintiff's argument that this second "rejection" should have been sent to it rather than its adjuster, we do find other arguments in its favor. We note, in this regard, that plaintiff at all times co-operated with the insurer in the investigation of the building and the extent of the fire loss. Thus, plaintiff can be said to have substantially performed its obligation to co-operate. (Cf. *Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn., supra,* at p 836.) While plaintiff has not satisfactorily explained its reason(s) for omitting the two

items of information, nevertheless we agree with and adopt the reasoning of the Second Department, that section 172 of the Insurance Law was intended to ameliorate the harshness expressed in *Gallin v Allemannia Fire Ins. Co.* (184 App Div 876, 879-880, affd 230 NY 547) and *Peabody v Satterlee* (166 NY 174). (See *Bonus Warehouse v Great Atlantic Ins. Co.,* 93 AD2d 615, 619-620; *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 73 AD2d 605, 606; compare *Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 16 ["Applying an objectively stanced reasonable person standard", written notice given seven and one-half months after assured learned of accident "met a liability policy's requirement that the insurer be given notice 'as soon as practicable'."].) In view of plaintiff's substantial compliance and the readily correctable nature of the omission, "we are reluctant to exact the extreme penalty of the dismissal of the action, without affording the plaintiff the last opportunity to perform in accordance with the policies' provisions". (*Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn., supra,* at p 606.) Concur — Kupferman, J. P., Sullivan, Carro, Milonas and Kassal, JJ. [See __ AD2d __.]