Linda C. DANIEL

v.

**PAWTUCKET MUTUAL INSURANCE COMPANY.**

No. 83–535–Appeal.

Supreme Court of Rhode Island.

March 25, 1986.

Neil P. Philbin, Charles A. Hirsch, Kirshenbaum & Kirshenbaum, Cranston, for plaintiff.

Raymond A. LaFazia, Guy J. Wells, Gunning LaFazia & Gnys, Inc., Providence, for defendant.

OPINION

BEVILACQUA, Chief Justice.

This is a civil action based upon a fire-insurance contract between the plaintiff, Linda Daniel, and the defendant, Pawtucket Mutual Insurance Company, to recover damages from a fire loss. The case was tried before a justice of the Superior Court sitting with a jury. The matter appears before us on the plaintiff's appeal from a judgment of the Superior Court granting the defendant's motion for a directed verdict.

The facts are not in dispute. On March 30, 1979, plaintiff allegedly suffered a loss of personal property of approximately $10,000 as a result of a fire that occurred in her third-floor apartment at 66 Silver Lake Avenue in Providence. At the time of the fire, plaintiff had a tenant's insurance policy with defendant. Under the terms of the policy plaintiff was required to file a proof of loss within sixty days with a description of the destroyed articles, including the time and place of purchase, the cost of the articles, and the amount of depreciation. The plaintiff's brother originally notified defendant of his sister's claim a few weeks after the fire. The plaintiff then filed an informal inventory with defendant through defendant's independent adjuster. Subsequent to this, plaintiff completed the form given to her by defendant, providing the information regarding her destroyed personal property. She signed the form and submitted it to defendant in early December 1979. This form, which was unsworn

to and lacked a significant amount of information, constituted plaintiff's proof of loss. The defendant was dissatisfied with this list and requested that plaintiff appear for an oral deposition at the office of defendant's counsel. Despite having received notice of the deposition, plaintiff did not attend. Consequently, defendant refused to honor the insurance policy on the basis that plaintiff had failed to file a sworn proof of loss. The plaintiff thereafter filed this action.

After reviewing all the facts and testimony in the case, the trial justice granted defendant's motion for a directed verdict based on plaintiff's failure to comply with the policy requirement of filing a sworn proof of loss and plaintiff subsequently appealed.

On appeal, plaintiff raises the issue of whether the trial justice erred in granting defendant's motion for a directed verdict and in holding as a matter of law that plaintiff could not recover on the insurance policy due to her failure to file a sworn proof of loss without first requiring defendant to show that it had been prejudiced.

The plaintiff contends that her failure to swear to the proof of loss was a mere technical breach that should not bar recovery under the policy. The plaintiff further states that before she can be deemed to have forfeited her right to collect on the policy because of her failure to file a sworn proof of loss, defendant must show that it was prejudiced. The plaintiff urges this court to adopt the standard set forth in *Siravo v. Great American Insurance Co.*, 122 R.I. 538, 410 A.2d 116 (1980), wherein this court held that an insured who files a late sworn proof of loss is not barred from recovery under a policy absent proof that the insurer was prejudiced.

The defendant argues that compliance with the express terms of the policy is a condition precedent to recovery. The defendant asserts that plaintiff's purported proof of loss falls so far short of statutory and policy requirements because it was un-

sworn to and incomplete in many areas that the trial justice correctly held as a matter of law that plaintiff was barred from recovery.

The record reveals that the trial justice reviewed the language in the insurance policy that is statutory in nature, specifically requiring the submission of a sworn proof of loss to defendant. He also considered the general purpose underlying the requirement. The trial justice found that plaintiff's purported proof of loss was not sworn to and did not contain complete information and therefore was not a valid proof of loss.

■ The requirement that a sworn proof of loss be submitted by the insured is standard practice in the insurance industry and in accord with statutory enactments. *See Adelman v. St. Louis Fire and Marine Insurance Co.*, 293 F.2d 869 (D.C.Cir.1961); *Do-Re Knit, Inc. v. National Union Fire Insurance Co. of Pittsburgh*, 491 F.Supp. 1334 (E.D.N.Y.1980); *W & H Jewelry Co. v. Aetna Casualty and Surety Co.*, 141 F.Supp. 296 (D.R.I. 1956); *Chauncey v. Royal Insurance Co.*, 275 Mass. 243, 175 N.E. 638 (1931). The purpose of a proof of loss is to afford the insurer an adequate opportunity to protect its interest by facilitating its investigation. *Siravo v. Great American Insurance Co.*, 122 R.I. at 542, 410 A.2d at 118. The rule governing proof-of loss statements provides that only substantial and reasonable compliance is required. *Ninth Federal Savings and Loan Association of New York City v. New York Property Insurance Underwriting Association*, 99 A.D.2d 456, 471 N.Y.S.2d 284 (1984); *Thompson v. Home Insurance Co.*, 62 N.C.App. 562, 303 S.E.2d 209 (1983); 13A *Couch on Insurance* 2d, § 49A:128 at 618 (rev. ed. 1982).

In *Thompson* the plaintiffs signed a proof of loss before a notary public, but they were not administered oaths before they signed it. The defendant rejected the proof of loss because the plaintiffs were not administered oaths. Subsequently the

plaintiffs were examined under oath by a notary public, at which time they testified that the statements in the proof of loss were true. The court rejected the defendant's contention that the proof of loss was nevertheless deficient and held that the proof-of-loss requirement was satisfied when the parties signed in the presence of the notary, who later stated in an affidavit that the proof of loss was "sworn to" before her.

In *Ninth Federal Savings and Loan* the plaintiff submitted a proof-of-loss statement, and sometime later submitted an amended one, both times leaving one question blank. The defendant refused to pay under the policy because the statements were incomplete. The court held that the plaintiff was entitled to another opportunity to amend its statement since the omission was a minor one and the plaintiff had at all times cooperated with the insurer in its investigation. These cases, however, are distinguishable from the situtation in the case before us.

 The plaintiff herein failed to fill out defendant's form completely, leaving blank the lines for method of payment for each item, depreciation, if any, and value of the item at the time of the fire. Her descriptions regarding where she purchased many of the items were vague; for example, she listed a chess set purchased in Greece, a backgammon game from New York, a stereo and stethoscopes from Georgia, a pair of jeans from "Garden City," and a number of other articles from "mis" or simply designated "gifts." The trial justice found that plaintiff could have cured her deficiencies if she "had appeared and given the sworn statement under oath * * [and] that would have taken the place of the sworn proof of loss." However, plaintiff did not attend the deposition and instead chose to rely on her statement. Viewing all the evidence in a light most favorable to plaintiff without considering the weight of the evidence or the credibility of the witnesses, the trial justice properly concluded that since plaintiff neither substantially complied with nor cooperated with defendant insurer, she was barred from recovery under the policy.

In reviewing a decision of the trial justice on a motion for a directed verdict, we are bound by the same rules that govern the trial justice. *Gordon v. St. Joseph's Hospital*, 496 A.2d 132, 136 (R.I. 1985). Drawing from all the evidence only those reasonable inferences that support the plaintiff's position, we find that reasonable minds could not differ and that the motion was properly granted by the trial justice. We note that this is not a situation like that in *Brandon v. Nationwide Mutual Fire Insurance Co.*, 301 N.C. 366, 271 S.E.2d 380 (1980), wherein the evidence conflicted on the issue of whether the filed proofs of loss were in accordance with the terms of the policy, and thus the issue was one for the jury.

For the reasons stated herein, the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings consistent herewith.

WEISBERGER, J., did not participate.