**PICKWICK PARK LTD. et al.**

v.

**TERRA NOVA INSURANCE CO.**

No. 90–464–A.

Supreme Court of Rhode Island.

Jan. 21, 1992.

William Landry, Blish & Cavanagh, Providence, Steven Feingold, Warwick, for plaintiff.

Raymond A. LaFazia, Providence, for defendant.

## OPINION

SHEA, Justice.

This matter comes before the Supreme Court on the appeal of the defendant, Terra

Nova Insurance Co. (Terra Nova), from a judgment in favor of the plaintiff, Pickwick Park, Ltd. (Pickwick), in the amount of $25,000 entered after a jury trial.

Pickwick filed the civil action against Terra Nova in the Providence County Superior Court on March 5, 1984. The complaint alleged a failure to pay a valid claim against the insurance policy issued by Terra Nova. John F. DiStefano (DiStefano), as mortgagee on the insurance policy, brought a separate action against Terra Nova. The cases were consolidated for a trial that commenced on October 23, 1989. The trial court permitted DiStefano to dismiss his action against Terra Nova because the mortgage had been paid.

The evidence presented at trial showed that Donna DiStefano Jeff (Jeff) is the president and sole stockholder of Pickwick, a Rhode Island corporation engaged in the business of real estate development. On July 19, 1983, Pickwick purchased a fifteen-room residence located at 37 Phenix Avenue in Cranston, Rhode Island. Pickwick executed a mortgage in the amount of $130,000 in favor of DiStefano, the corporation's managing agent. On August 23, 1983, Pickwick purchased an all-risk insurance policy from Terra Nova for the property. The policy provided up to $95,000 in coverage with a $250–deductible provision.

DiStefano testified that he planned to move the home to the rear portion of the lot and construct a shopping center on the front portion zoned Commercial. On September 2, 1983, at around noon, while one David Gardiner (Gardiner) was performing excavation work in connection with the planned shopping center, he blacked out owing to the day's heat and excessive cocaine use the night before. Gardiner testified that upon regaining consciousness, he discovered that the bulldozer had collided with the house.

The house was inspected by John Rega, chief building inspector for the city of Cranston, on September 12, 1983. Rega determined that the accident caused structural damage to the house and ordered that the building be vacated and demolished within thirty days. A building company

tore down the house approximately three weeks after the building inspector ordered demolition. On October 25, 1983, Pickwick submitted a sworn statement of proof of loss that sought $95,000 less the $250 deductible for the loss.

Terra Nova sent three separate notices to DiStefano and Jeff requesting that they appear at the offices of Terra Nova's attorney to make statements under oath concerning the loss. DiStefano and Jeff claim that they did not appear on the scheduled dates because of family problems and illness. On December 22, 1983, Terra Nova rejected plaintiffs' proof of loss. The reasons specified were (1) Terra Nova did not agree with the amount of the claimed loss, and (2) DiStefano and Jeff had failed to appear on the scheduled dates to give statements under oath.

At the start of trial in the Superior Court, Pickwick filed a motion in limine that sought to exclude from evidence information about its prior insurance claims. The trial court ruled that evidence of prior claims DiStefano filed as a result of fire damage to property he owned was inadmissible. However, the trial court did admit into evidence a claim filed as a result of Gardiner's having lost control of a bulldozer that then collided with a building owned by Jeff known as Whitey's Tavern.

At the close of plaintiff's case in chief the trial court denied Terra Nova's motion for a directed verdict. The jury found in favor of Pickwick and awarded damages in the amount of $25,000. A judgment was entered on October 27, 1989, in the amount of $25,000 plus interest. On November 17, 1989, the trial court denied Terra Nova's motion for a new trial. Terra Nova filed its notice of appeal on December 4, 1989.

I

The first issue raised is whether the trial court erred when it denied Terra Nova's motion for a directed verdict.

■ According to Terra Nova the cooperation clause within the subject policy requires a plaintiff to submit to examination under oath if requested to do so by Terra

Nova. Terra Nova alleges that the failure of DiStefano and Jeff to appear on three separate occasions to give statements under oath, as requested by Terra Nova, was a material breach of the cooperation clause. Terra Nova cited *Daniel v. Pawtucket Mutual Insurance Co.*, 506 A.2d 1032, 1034 (R.I.1986), as authority for its assertion that a material breach of the cooperation clause bars Pickwick from seeking recovery under the policy. According to Terra Nova, it is entitled to judgment as a matter of law and the trial court erred by failing to grant said motion.

Pickwick argues that there was sufficient evidence on the record for the trial court to conclude that because of Terra Nova's unreasonable conduct, Pickwick did not breach the cooperation clause. Specifically it alleges that Terra Nova acted unreasonably in regard to scheduling the times for taking the sworn statements and in regard to the information requested from Pickwick. Pickwick further argues that even if Terra Nova's demands were reasonable, it failed to show that it was prejudiced by the failure of DiStefano and Jeff to give sworn statements and, thus, Pickwick was not barred from seeking recovery under the policy. *See Corrente v. Fitchburg Mutual Fire Insurance Co.*, 557 A.2d 859, 863 (R.I.1989); *Siravo v. Great American Insurance Co.*, 122 R.I. 538, 542, 410 A.2d 116, 118 (1980).

The law in Rhode Island is well settled concerning the standard for reviewing the trial court's decision on a motion for a directed verdict. As the trial court did when hearing the motion, this court on review must "consider the evidence in the light most favorable" to the nonmoving party "without weighing the evidence or considering the credibility of the witnesses and extract from that record only those reasonable inferences that support the position of the party opposing the motion." *AAA Pool Service & Supply Co. v. Aetna Casualty, and Surety Co.*, 479 A.2d 112, 115 (R.I.1984) (quoting *Fox v. Allstate Insurance Co.*, 425 A.2d 903, 905 (R.I.1981)). If after making such a review there are issues of fact upon which reasonable minds may differ, then the motion for directed verdict must be denied and the jury must decide those issues. *AAA Pool Service & Supply Co.*, 479 A.2d at 115; *Pimental v. D'Allaire*, 114 R.I. 153, 156, 330 A.2d 62, 64 (1975).

*Daniel v. Pawtucket Mutual Insurance Co.*, is but one of several cases in which we have held that an insurance company must show that it has been prejudiced before an insured's failure to comply with the procedural requirement in a policy will bar recovery. 506 A.2d at 1033–34 (sworn proof of loss requirement); *Corrente*, 557 A.2d at 863 (notice of loss requirement); *Siravo* 122 R.I. at 542, 410 A.2d at 118 (sworn proof of loss requirement). In *Daniel* the defendant insurer demonstrated that it was prejudiced by the plaintiff's failure to comply with the policy requirement that she file a complete and sworn proof of loss and by her subsequent failure to give a statement under oath that would have taken the place of the sworn proof of loss.

In the case at bar plaintiff through its agent DiStefano notified its insurance agent within twenty-four hours of the accident. Agents of Terra Nova were allowed to inspect the damaged premises within one week of the accident. After receiving an order to demolish the premises from the chief building inspector, plaintiff filed a sworn proof of loss with Terra Nova. On three separate occasions DiStefano and Jeff did fail to appear to give statements under oath as requested by Terra Nova; however, they failed to appear because of family illness or family problems. We also note that the scheduling process was arbitrary in that the insurer did not consult with DiStefano and Jeff when Terra Nova selected the dates when they were directed to appear to give their statements. Terra Nova then chose to deny the claim rather than reschedule to a time when DiStefano and Jeff were available. Further, Terra Nova intended to inquire not into the substance of the claim submitted to it but rather into prior claims filed by DiStefano and Jeff.

After reviewing the evidence in the record, we conclude that reasonable minds may differ on the issue of whether Terra

Nova was prejudiced by the failure of DiStefano and Jeff to give statements under oath. Therefore, the trial justice did not err in denying Terra Nova's motion for a directed verdict and letting the jury decide the issue.

## II

■ The next issue before us is whether the trial court erred when it ruled not to admit evidence concerning prior fire-loss claims filed with other insurance companies by DiStefano.

At trial Terra Nova raised the defense of fraud to Pickwick's claim. In order to prove fraud, Terra Nova sought to introduce evidence of prior insurance claims for several fire losses to properties owned by DiStefano. Terra Nova also sought to introduce evidence of a prior insurance claim arising out of a bulldozer's colliding with a building owned by Jeff and known as Whitey's Tavern, that is, the earlier incident in which Gardiner lost control of his bulldozer. After an offer of proof the trial court excluded evidence concerning the prior fire losses but did admit evidence about the prior bulldozer accident.

Terra Nova argues that the trial court's ruling denied it the opportunity to present evidence that tends to establish a common scheme or design to defraud insurance companies. Additionally Terra Nova alleges that the ruling denied it the opportunity to contradict or impeach DiStefano.

The plaintiff asserts that the trial court's ruling was proper because Rule 404(b) of the Rhode Island Rules of Evidence precludes admission of evidence of prior nonfraudulent and factually dissimilar claims in order to prove the present claim is fraudulent.

Admission of evidence at trial is within the sound discretion of the trial court, and the ruling will not be disturbed by this court unless there was an abuse of discretion. Rule 404(b) states the following:

"*Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or to prove that defendant feared imminent bodily harm and that the fear was reasonable."

Rhode Island case law is silent concerning the application of Rule 404(b) to a factually similar case; therefore, we look to other jurisdictions that have interpreted the similarly worded Rule 404(b) of the Federal Rules of Evidence. We conclude that other jurisdictions require a clear showing by way of an offer of proof that the prior claims are relevant to an issue other than character and are sufficiently similar to the claim at issue. *See Smith v. State Farm Fire and Casualty Co.*, 633 F.2d 401, 403 (5th Cir.1980); *Bunion v. Allstate Insurance Co.*, 502 F.Supp. 340, 342 (E.D.Pa. 1980). Additionally the probative value of the evidence must not be substantially outweighed by its undue prejudice and must satisfy other requirements under Rule 403. *Smith*, 633 F.2d at 403.

In the case at bar the prior insurance losses at issue were caused by fire. Since there is no similarity between those claims and the bulldozer loss presently before us, the trial court acted well within the bounds of its discretion.

## III

■ The third issue raised on appeal is whether the trial court erred when it instructed the jury that the "[f]ailure of John DiStefano and Donna DiStefano to appear on the dates requested by Terra Nova Insurance Company for statements under oath does not preclude Pickwick Park Ltd. from recovering under the policy, unless Terra Nova Insurance was prejudiced by its inability to obtain such statements on those particular dates or subsequent dates."

Terra Nova argues that prejudice need not be shown in order to bar Pickwick from recovery under the policy and that the trial court erred when it gave the charge. Pickwick argues that the trial court did not err

because it properly interpreted the law in Rhode Island.

■ It is well established in Rhode Island that the refusal of a trial justice to give the instructions requested by a party is not reversible error "as long as the charge given adequately covers the law relating to the request." *State v. Grundy,* 582 A.2d 1166, 1170 (R.I.1990); *see also Morinville v. Old Colony Co–Operative Newport National Bank,* 522 A.2d 1218, 1222 (R.I.1987). Rhode Island case law is well settled on this point. An insurance company must show that it has been prejudiced before the insured's failure to comply with a policy's procedural requirement will bar recovery. *Corrente,* 557 A.2d at 863; *Daniel,* 506 A.2d at 1033–34; *Siravo,* 122 R.I. at 542, 410 A.2d at 118.

The instruction given by the trial court adequately covered the law. Therefore, refusal to give the instruction requested by Terra Nova was justified.

## IV

The final issue raised on appeal is whether the trial court erred when it denied the motion for a new trial filed by Terra Nova.

Terra Nova argues that the trial court erred when it failed to follow the well-settled rules set forth in cases such as *Barbato v. Epstein,* 97 R.I. 191, 196 A.2d 836 (1964). According to Terra Nova, the trial court should not have focused principally on the question of whether DiStefano intended to move the existing dwelling to the adjacent lot. Terra Nova asserts that the trial court should have considered, but did not consider, the credibility of DiStefano in light of evidence presented at trial. Finally Terra Nova argues that the trial court should have addressed the issue of whether Pickwick complied with the cooperation clause of the policy.

The plaintiff argues that the trial court followed the well-settled rules and that there was ample evidence upon which the jury could have reached its verdict.

■ When considering a motion for a new trial, the trial court must go through a two-step process before deciding whether to set aside the jury's verdict and order a new trial. The first step involves a review of all material evidence in light of the charge to the jury. *Fox v. Allstate Insurance Co.,* 425 A.2d 903, 907 (R.I.1981).

"[T]he trial justice can accept some or all of the evidence. He may reject testimony which is impeached or contradicted by other positive testimony or circumstantial evidence. He may also disregard testimony which contains inherent improbabilities or contradictions or which is totally at variance with undisputed physical facts or laws. He can also add to the evidence by drawing proper inferences." *Turgeon v. Davis,* 120 R.I. 586, 590, 388 A.2d 1172, 1174 (1978) (citing *Barbato v. Epstein,* 97 R.I. 191, 196 A.2d 836 (1964)).

During this step the trial justice "should not substitute his conclusions for those of the jury and he should not disturb the jury's findings merely because he would have made a contrary finding on the same evidence." 120 R.I. at 590, 388 A.2d at 1174.

The next step in the process is for the trial court to consider whether the "evidence is such that reasonable minds might differ." *Id.* at 590, 388 A.2d at 1175. If the answer is in the affirmative, then the trial court should sustain the jury's verdict. *Id.* However, if the independent judgment of the trial justice "tells him the verdict is wrong because it fails to respond to the merits and to administer substantial justice between the parties or is against the fair preponderance of the evidence, he should set aside the jury's verdict and order a new trial." *Id.* at 590–91, 388 A.2d at 1175.

■ As long as the trial court undertakes the above evaluation, we shall overturn the trial court's decision only if it "overlooked or misconceived material evidence or was otherwise clearly wrong." *Fox,* 425 A.2d at 907 (quoting *Galusha v. Carlson,* 120 R.I. 204, 207, 386 A.2d 634, 635 (1978)). The appealing party has the burden of convincing us that the trial court failed to undertake the required evaluation or that it overlooked or misconceived material evidence or was otherwise clearly

wrong. *Weiss v. G.L. & H.J. Gross, Inc.,* 119 R.I. 600, 606, 382 A.2d 170, 173 (1978). However, even if we conclude that the trial court erred in performing its function, we shall not set aside the jury's verdict if after looking at the record in a "light most favorable to the prevailing party," we find competent evidence that sustains the verdict of the jury. *Fox,* 425 A.2d at 907.

■ In the case at bar the trial court denied Terra Nova's motion for a new trial for two reasons. The trial court noted that Terra Nova's allegation of fraud was based upon speculation, not real fact. From the evidence, including the appraisals, the trial court concluded that the accident's having made moving the house economically unfeasible did not mean that the move would have been economically unfeasible prior to the accident or that the house placed on the back lot would not have had value. Although the trial court admitted that it would not have bought the house if it were located on the back lot, it did recognize that the house and lot could have been sold.

After reviewing the evidence, the trial court concluded that reasonable minds could differ on the question of whether DiStefano, agent for Pickwick, really intended to move the house to a foundation on the back portion of the lot. The trial court also commented that it did not think there was any indication of substantial injustice and that there was no reason to overturn the verdict.

After reviewing the record, we conclude that the trial court performed the *Barbato* analysis, did not overlook or misconceive material evidence, and was not clearly wrong. Therefore, we find no error in the trial court's ruling.

For all these reasons Terra Nova's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.