DECISION
Before the Court is defendant Dow Chemical Company's (defendant) motion for judgment as a matter of law and, alternatively, a motion for a new trial. Following a jury trial, a verdict was entered for the plaintiffs, Terry and Donna DiPetrillo, and the defendant, pursuant to R.C.P. 50(b), timely renewed its motion for judgment as a matter of law and, alternatively, made a motion for a new trial pursuant to R.C.P. 59. The plaintiffs object to the defendant's post verdict motions. Additionally, pursuant to R.C.P. 59, the plaintiffs have before this Court a motion to amend judgment in the form of a requested additur.
In its motion for a judgment as a matter of law the defendant asserts that the plaintiffs' claims are barred by the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA). The defendant argues that even if pre-1972 FIFRA applies to this case, as this Court has ruled, the doctrine of implied pre-emption bars the plaintiffs' claims. The defendant contends that although pre-1972 FIFRA did not expressly pre-empt state regulation of labeling, it did embody Congress' intent that each pesticide product should have nationally uniform labeling and the content of that labeling should be determined by the federal government. The defendant also asserts that the plaintiffs' claims are barred by the statute of limitations. Finally, the defendant argues that it is entitled to judgment as a matter of law on the implied warranty claims since notice is an element of the plaintiffs' case and "no rational fact-finder could have found notice."
The standard for ruling on a motion for a judgment as a matter of law[1] provides that the trial justice must view all the evidence in a light most favorable to the adverse party and is obliged to give such party the benefit of all reasonable and legitimate inferences which may be drawn therefrom without weighing the evidence or exercising independent judgment as to the credibility of witnesses; and, if taking such a view she finds that there exist issues upon which reasonable persons might draw conflicting conclusions, she should deny the motion and the issues should be left to the jury to determine. Palmisciano v.Burrillville Racing Ass'n, 603 A.2d 317 (R.I. 1992); see alsoPickwick Park Ltd. v. Terra Nova Insurance Co., 602 A.2d 515, 518 (R.I. 1992); Kennedy v. Tempest, 594 A.2d 385, 387-88 (R.I. 1991); Pimental v. D'Allaire, 114 R.I. 153, 330 A.2d 62 (1975).
First, the defendant argues that pre-1972 FIFRA embodied Congress' intent that each pesticide product should have nationally uniform labeling and the content of that labeling should be determined by the federal government and thus the doctrine of implied preemption bars the plaintiffs' claims. After thoroughly reviewing the arguments of counsel and all of the evidence presented at trial, this Court finds that reasonable persons could arrive at conflicting conclusions as to the applicability of pre-1972 FIFRA since it did not expressly pre-empt state regulation of labeling. See Ruckelshaus v.Monsanto Co., 467 U.S. 986, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1983). As to the defendant's argument with respect to the applicable statute of limitations, this Court notes that the statute of limitations begins to run when one discovers or, in the exercise of due diligence, should have discovered, that he had sustained an injury. See Anthony v. Abbott Labs, 490 A.2d 43
(R.I. 1985). The plaintiffs' complaint was filed within three years after their cause of action accrued, thus satisfying the statute of limitations. Furthermore, as to the implied warranty claims, what constitutes a reasonable time in which to give notice of breach is ordinarily a question of fact. See Parillo v.Giroux Company, Inc., 426 A.2d 1313 (R.I. 1981) Defendant argues that it did not receive notice; however, the jury found that the defendant received reasonable notice of the breach through the service of process of the plaintiffs' complaint. This Court finds that reasonable persons could draw conflicting conclusions as to a reasonable time for notice of breach on the implied warranty claims. Thus, this Court will not disturb the jury's finding that notice was reasonable. Accordingly, the defendant's motion for judgment as a matter of law is denied.
In the alternative, the defendant has filed a motion for a new trial. With respect to a motion for new trial, the rule has recently been amended to conform to the federal rule by allowing said motion when an error of law has occurred at the trial. The amended rule 59(a) states:
 "A new trial may be granted to all or any of the parties and on all or part of the issues, (1) in an action in which there has been a trial by jury for error of law occurring at the trial or for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of this state. . . ."
Thus, in addition to the previous grounds for a new trial, the amended rule provides, in conformity with the federal rule, that "any error of law, if prejudicial, is a good ground for a new trial." Wright, Miller, and Kane, Federal Practice and Procedure
§ 2805 at 55 (1995).
The defendant argues that the jury's findings were against the fair preponderance of the evidence. When a trial justice considers a motion for a new trial, he or she must exercise independent judgment and review all the material evidence in light of his or her instructions to the jury, evaluating the weight of the evidence and the credibility of the witnesses.Soares v. Ann Hope of Rhode Island, 637 A.2d 339 at 348 (R.I. 1994) (citing Pickwick, 602 A.2d at 520) (decided prior to the 1995 revision of R.C.P. 59); see also Poynter by Poynter v.Ratcliff, 874 F.2d 219, 223 (4th Cir. 1989). The trial justice must determine whether reasonable minds may differ with respect to the evidence Id. If so, the trial justice should let the verdict stand. Id. See also United States v. L.E. Cooke Co. Inc.,991 F.2d 336, 343 (6th Cir. 1993). However, if the trial justice concludes that the verdict is incorrect "`because it fails to respond to the merits and to administer substantial justice between the parties or is against the fair preponderance of the evidence, he [or she] should set aside the jury's verdict and order a new trial.'" Id. (quoting Pickwick, 602 A.2d 339 at 520) (decided prior to the 1995 revision of R.C.P. 59).
The defendant first asserts that the jury's finding that the plaintiff, Terry DiPetrillo, used Esteron 245 at L.H. Meader Tree Company is against the fair preponderance of the evidence. Relying upon the testimony of Richard Woodward, John Fraser, and Frederick Langley, Dow representatives who made, inspected, and sold the product, respectively, the defendant contends that the evidence in the record demonstrates that the coloring of the packaging of Esteron 245 illustrates that it was never packaged in a yellow and brown or blue and yellow container. However the plaintiffs' witness, Richard Meader, Jr., testified that he remembered the Dow diamond, and it was only the defendant's product that was used while he worked with the plaintiff at L.H. Meader, his father's company. Furthermore, there was also the testimony of Michael Von Villas, an arborist at Narragansett Electric Company, who stated that he had knowledge that at the time in question Narragansett Electric Company was using Dow's 2, 4, 5 — T. He explained that his knowledge was based upon a review of the company records, in addition to conversations with his predecessor, Mr. McGinn.
There was also the testimony of Rufin Von Bossuyt, an arborist with Massachusetts Electric, a co-subsidiary of Narragansett Electric Company, who explained that New England Power Service Company, the parent of both Narragansett Electric Company and Massachusetts Electric, would have placed orders on behalf of the subsidiaries and that the herbicides Narragansett Electric Company and Massachusetts Electric used were the same. His testimony also indicated that one of the products used by both subsidiaries was Dow's 2, 4, 5 — T.
After careful consideration of the evidence, this Court finds that there is ample evidence upon which reasonable minds could differ, and the jury's finding that the plaintiff used Esteron 245 at L.H. Meader Tree Company is not against the fair preponderance of the evidence.
The defendant also argues that the jury's finding of proximate cause is against the fair preponderance of the evidence. The defendant contends that the testimony provided by the plaintiffs regarding causation failed to meet their burden of proof, that it is more likely than not that but for his exposure to Esteron 245 the defendant, Terry DiPetrillo, would not have developed multiple myeloma. After carefully reviewing all of the evidence, including the testimony of the experts — Dr. Teitelbaum, a medical toxicologist; Dr. Silbergeld, a toxicologist and epidemiologist; Dr. Miller, a hematologist; Dr. Clapp, an epidemiologist; Dr. Kociba, a toxicologist, pathologist and doctor of veterinary medicine; Dr. Mundt, an epidemiologist; Dr. Calabrese, a toxicologist; and Dr. O'Dowd, a hematologist — this Court finds that each of these experts was articulate and credible, and it was within the jury's discretion to accept some, all, or none of their testimony in reaching its conclusion as to causation.
The defendant next avers that it is entitled to a new trial due to errors of law. Specifically, the defendant asserts that the 1972 version of FIFRA should be the law of the case even though the plaintiff was exposed to the defendant's product prior to the creation of the Environmental Protection Agency and prior to the 1972 version of FIFRA. Furthermore, the defendant challenges this Court's decision denying the defendant's motion in limine to bar evidence of the 1970 temporary suspension and 1979 supervision of 245-T. The defendant also challenges this Court's admission of evidence regarding other forms of cancer such as non-Hodgkins lymphoma and Hodgkins disease, as well as the admission of V.K. Rowe's deposition testimony, and the evidence in the depositions of Lawrence Silverstein and Juhus Johnson. Furthermore, the defendant challenges the admission of various documents concerning the TCDD content of other manufacturers' 245-T without a showing that the plaintiff was ever exposed to those products. Lastly, the defendant challenges a jury charge on the breach of implied warranty claims.
After carefully reviewing the evidence of record, along with the arguments of counsel, this Court finds there are no errors of law warranting a new trial. Accordingly, the defendant's motion for a new trial due to errors of law is denied.
The plaintiffs have moved for an additur arguing that the jury award is not truly responsive to the merits of the controversy and fails to do substantial justice between the parties. On a motion for a new trial, the trial judge may disregard a jury's award for pain and suffering ". . . only if it shocks the conscience or clearly demonstrates that the jury was influenced by passion or prejudice, or that it proceeded upon a clearly erroneous basis in arriving at its award." Wood v.Paolino, 112 R.I. at 757, 315 A.2d at 746 (1974). Furthermore, the test for granting a new trial on the question of damages is whether or not there is a demonstrable disparity between the jury's award and the damages sustained by the plaintiff, such that the verdict is not truly responsive to the merits of the controversy and fails to do substantial justice between the parties. Kelaghan v. Roberts, 433 A.2d 226, 229 (1981).
This Court noted that the jury was particularly attentive throughout the trial. The Court trusts that the jury carefully considered all of the evidence presented. After trial the jury returned a verdict in the plaintiffs' favor and awarded damages in the amount of $1,000,000, which plaintiffs allege is inadequate. This Court finds that a strong suspicion of a compromise verdict does not exist as the jury's award was supported by competent evidence, including reliable expert testimony relating to the extent of the plaintiff's disability, and thus responded to the merits of the controversy and did not fail to do substantial justice between the parties.
After carefully considering all of the evidence before it, this Court is satisfied that the jury award of $1,000,000 for loss of earnings, past medical expenses, future medical expenses, and pain and suffering responds to the facts and circumstances of this case.
For the above reasons, all motions are denied and dismissed.
Counsel shall prepare an appropriate order for entry within ten days.
[1] The 1995 revision of the Rhode Island Rules of Civil Procedure abandons former Rule 50's "directed verdict" nomenclature in favor of the term — "judgment as a matter of law." However, this name change does not affect the applicable standard of review. Long v. Atlantic PBS. Inc., et al., No. 94-685-A, Slip Op. at 5 (R.I., filed July 18, 1996).