**John P. GRAFF**

v.

**Francis T. MOTTA et al.**

**No. 98–504–Appeal.**

Supreme Court of Rhode Island.

March 17, 2000.

Kevin McAllister, Providence, for Plaintiff.

Kathleen Powers, Marc DeSisto, Providence, for Defendants.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## O P I N I O N

BOURCIER, Justice.

This negligence case is the final chapter in the ongoing saga between the plaintiff, John P. Graff, Sr., and the City of Warwick (the city).[1] In this particular chapter, the plaintiff appeals from a judgment entered in favor of the defendants following a Superior Court trial in favor of the defendants. In his complaint, Graff (the plaintiff) asserted that on June 1, 1987, Warwick City police officer, Charles H. Blackmar (Officer Blackmar), negligently caused his motorcycle to veer into the direct path of an approaching car as he attempted to maneuver a curve in the road. The accident caused extensive injuries to the plaintiff. The plaintiff sued Officer Blackmar for negligence and his employer, the City of Warwick, by and through its Finance Director, Francis Motta, under a theory of respondeat superior.

On appeal, the plaintiff asserts that the trial justice erred when she denied his motion in limine, whereby he sought to: (a) collaterally estop testimony on the issue of his eluding a police officer on the night of the accident; (b) admit evidence of the city's post-accident actions; (c) admit evidence of the judgment in favor of the plaintiff in *Graff v. Motta*, 695 A.2d 486 (R.I.1997) (*Graff I*); and, (d) admit evidence of other car accidents in which Officer Blackmar had been involved. In addition, the plaintiff asserts that the trial justice erred when she denied his motion for a new trial, contending that the jury improperly considered his alleged consumption of alcohol prior to the collision, and that the verdict was against the weight of the evidence. The detailed facts pertaining to the accident in which the plaintiff was injured are set out in *Graff I* and need not be reiterated at length here. Additional facts as needed in this opinion will be noted.

### Analysis

#### 1. The Motion in Limine

#### (a) Collateral Estoppel

On October 1, 1988, sixteen months after the night of the accident in question, the plaintiff was arrested and charged with eluding a Warwick police officer. That charge was dismissed because of the city's failure to issue a timely summons, and the merits of the charge were never reached. Subsequently, the plaintiff commenced a civil action (*Graff I*) against the city and its prosecuting official, Captain William DeFeo (Captain DeFeo). He essentially asserted in that action that the motive for his arrest and prosecution was to discourage him from filing the instant negligence claim.

During the trial in *Graff I*, both Officer Blackmar and the plaintiff testified about their recollection of events on the night of the accident. The plaintiff now maintains that, by its verdict, the jury in *Graff I* necessarily found that there was no probable cause to support the criminal charge of eluding a police officer. Therefore, he asserts, Officer Blackmar should have been collaterally estopped from re-litigating the facts surrounding the charge of eluding him on the night of the accident. Specifically, he avers, Officer Blackmar should have been collaterally estopped from testifying that the plaintiff was eluding him,

---

1. In *Graff v. Motta*, 695 A.2d 486 (R.I.1997) (*Graff I*), the plaintiff sued the city and its then-chief prosecuting police officer, Captain William DeFeo, for malicious prosecution, false arrest/imprisonment, abuse of process, and violation of his civil rights, pursuant to 42 U.S.C. § 1983.

speeding prior to the accident and, that the officer had been chasing him.

■■■■ "It is axiomatic that in order for collateral estoppel to apply, 'there must be an identity of issues; the prior proceeding must have resulted in a final judgment on the merits; and the party against whom collateral estoppel is sought must be the same as or in privity with the party in the prior proceeding.'" *Commercial Union Insurance Co. v. Pelchat*, 727 A.2d 676, 680 (R.I.1999) (quoting *State v. Chase*, 588 A.2d 120, 122 (R.I.1991)). "The doctrine of collateral estoppel directs that an issue of ultimate fact that has been actually litigated and determined cannot be re-litigated between the same parties or their privies in future proceedings." *Id.* (citing *Mulholland Construction Co. v. Lee Pare & Associates, Inc.*, 576 A.2d 1236, 1238 (R.I. 1990)).

■■■ In denying the plaintiff's motion to collaterally estop Officer Blackmar's testimony concerning the events leading up to the accident, the trial justice found that although there were facts common to each case, "the issues and the elements are quite different." She noted that the jury in *Graff I* was not asked to make specific findings and that "[t]he general verdict could have rested on some other basis other than a complete rejection by the jury of the facts asserted by the officer." We agree.

The plaintiff contends that when this Court upheld the denial of the city's motion for a directed verdict in *Graff I* on the counts of malicious prosecution and false arrest/imprisonment, we necessarily upheld a jury finding that there was no probable cause to support the charge of eluding the police. However, the jury made no such finding. In support of our conclusion that a reasonable jury could have found that there was no probable cause to support the charge of eluding the police, we referred only to events and actions by the city and Captain DeFeo that occurred *after the night of the accident*. Whether the

plaintiff in fact was eluding the police *at the time of the accident* was of no consequence to the outcome of *Graff I*, and indeed, as we noted previously, the merits of the charge of eluding a police officer never were reached.

The sole issue before the jury in the present case was whether Officer Blackmar was negligent on the night of the accident itself; consequently, any post-accident conduct and actions taken by Captain DeFeo and the city were irrelevant to the issue of Blackmar's negligence, if any, and would tend only to confuse and mislead the jury. Accordingly, we conclude that the trial justice did not err in denying the plaintiff's motion in limine after finding that there was no identity of issues.

### (b) Admissibility of Evidence

### (i) The Previous Judgment

The plaintiff next asserts that he was denied the opportunity to present the "whole story" to the jury when the trial justice denied his motion in limine to introduce the actual judgment in *Graff I*. He contends that the post-accident misconduct on the part of the defendants, the City of Warwick and Captain DeFeo, revealed the city's true motive with respect to its defense in this negligence case and constituted an admission of conduct that was relevant to the credibility of Blackmar.

■■■■ "[T]he admission of evidence rests in the sound discretion of the trial justice and will not be disturbed absent a showing of an abuse of that discretion." *New Hampshire Insurance Co. v. Rouselle*, 732 A.2d 111, 113 (R.I.1999) (per curiam). An aggrieved party challenging the ruling of the trial justice additionally bears "the supplementary burden of establishing that the excluded evidence was material and that the exclusion thereof had an impermissibly prejudicial influence on the decision of the factfinder." *Caranci v. Howard*, 708 A.2d 1321, 1325 (R.I.1998).

In denying the motion, the trial justice stated that Officer Blackmar "may testify to the events as he observed them to un-

fold," but that "should he testify or imply that the Plaintiff may have committed some traffic violation, I will permit the officer to be cross-examined on the matter of the subsequent criminal proceeding which was instituted, the fact that it was dismissed, and I will permit the Defendant to be examined on the fact that a jury found that prosecution to have been instituted in bad faith or maliciously." The trial justice expressed her concern that introduction of the previous judgment alone, would confuse and prejudice the jury and would turn the negligence claim into "a rehash of the malicious prosecution case or the criminal proceeding." Consequently, she stated that "[t]he use of this evidence will be limited to impeachment, if and when the Defendant officer testifies at the time."

■ It is clear from the record that the trial justice did not exclude any and all evidence of the judgment; rather, she merely limited its introduction to the impeachment of Officer Blackmar. A review of the record indicates that plaintiff's counsel made no such attempt to impeach Officer Blackmar. In view of the trial justice's findings and conclusions, and considering that the plaintiff has neither met his burden of showing that such evidence was material to the issue of any pre-accident negligence on the part of Officer Blackmar, nor that its exclusion impermissibly prejudiced the jury, we conclude that the trial justice did not err when she denied the motion in limine to admit the *Graff I* judgment.

**(ii) Officer Blackmar's other accidents**

The plaintiff additionally asserts that the trial justice erred when she denied his

motion in limine to introduce evidence of other car accidents in which Officer Blackmar had been involved while on duty. He contends that this evidence was admissible under Rules 404(b) and 405(b) of the Rhode Island Rules of Evidence[2] because it demonstrated a lack of mistake or accident.

■ To introduce evidence under Rule 404(b), this Court requires "a clear showing by way of an offer of proof that the prior claims are relevant to an issue other than character and are sufficiently similar to the claim at issue." *Pickwick Park Ltd. v. Terra Nova Insurance Co.*, 602 A.2d 515, 519 (R.I.1992). In addition, "the probative value of the evidence must not be substantially outweighed by its undue prejudice and must satisfy other requirements under Rule 403." *Id.*

In denying the plaintiff's motion in limine to introduce evidence of the other accidents, the trial justice stated that the motion:

"in its present form does not present the Court with sufficient information for the Court to weigh the prejudicial value of this information versus the probative value. These are best taken as trial objections. So the Motion in Limine on these other issues is denied insofar as it's presented in limine * * * I will determine whether there is some special relevance at the time the evidence is offered."

It is clear that the trial justice did not exclude this evidence per se; instead, being hesitant to permit its introduction at this early stage of the trial, she used her

---

2. Rule 405(b) of the Rhode Island Rules of Evidence provides in pertinent part:
"In cases in which character or a trait [of] character of a person is an essential element of a charge, claim, or defense, or *when evidence is offered under Rule 404(b), proof may also be made of specific instances of the person's conduct.*" (Emphasis added).

Rule 404(b) provides in pertinent part:
"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as * * * absence of mistake or accident."

discretion and decided to rule on its admission if and when its admission became an issue during the trial. The record reveals that plaintiff's counsel failed to question Officer Blackmar about his previous accidents.

■ We conclude that the trial justice did not abuse her discretion in earlier denying the motion in limine. Indeed, a review of the appellate record indicates that the other accidents occurred under very different circumstances, and none resulted in a finding of negligence on the part of Officer Blackmar. Consequently, it appears that had the plaintiff attempted to introduce evidence of the other accidents, the trial justice properly could have excluded it as unduly prejudicial under Rule 404(a), because it would have been an improper attempt to demonstrate that Officer Blackmar had a propensity to drive negligently and that on the night of the accident, he had conformed with this alleged flaw in his character.

**2. The Motion for a New Trial**

The plaintiff next asserts that the jury was improperly permitted to consider evidence of his alcohol consumption before the accident. In addition, the plaintiff asserts that the verdict was against the weight of the evidence because the trial justice found that Officer Blackmar was not credible. Finally, he contends that the denial of his motion in limine prevented the jury from hearing "the rest of the story."

Before trial, the defendants waived the defense of comparative negligence; consequently, the sole issue for the jury to consider was whether Officer Blackmar negligently operated his police cruiser on the night of the accident.[3] During its deliberations, the jury had before it the plaintiff's hospital records that had been introduced as trial exhibits.[4] The jurors had clear right to examine those hospital records during their deliberations, and assuredly had done so, thus prompting their request for an instruction from the trial justice concerning the legal blood alcohol limit for drivers in this state. When the requested instruction concerning the plaintiff's consumption of alcohol was submitted, the trial justice once again instructed the jurors not to consider any negligence on the part of the plaintiff, and then specifically instructed them that they could not consider any evidence concerning consumption of alcohol by the plaintiff. The jury later returned its verdict in favor of the defendant.

The plaintiff asserts that the jury improperly did consider the evidence of his alcohol consumption contained in the hospital records, despite the trial justice's specific instructions not to do so. His assertion, however, necessarily is based upon mere inference drawn from the fact that the jury had submitted its request for an instruction concerning the blood alcohol limit for drivers in this state.

■ We are satisfied that the trial justice's instructions to the jury, including her supplementary instructions, were more than satisfactory to cure any possible prejudice that might have resulted from the plaintiff's own inexcusable failure to delete from his hospital records any reference to his blood-alcohol content. This Court has

---

3. If the jury had found Officer Blackmar to be negligent, it would then have had to consider the full amount of damages that would compensate the plaintiff for his injuries and losses resulting from the accident. Prior to trial, defense counsel informed the trial justice that the defendants were waiving any reliance upon verdict reduction benefits provided by G.L.1956 § 9–20–4. The trial justice, in reliance upon the defendants' concession, instructed the jury not to consider whether the

plaintiff himself had in any way been negligent at the time of the accident.

4. The hospital records had been introduced by the plaintiff in support of his injury and damage claims. The references in those records to the plaintiff's pre-accident alcohol consumption were certainly apparent to the plaintiff and his counsel prior to their being offered for admission, and yet they failed to move to excise any such references.

repeatedly held that "the members of the jury are presumed to follow the trial justice's instructions." *State v. LaRoche,* 683 A.2d 989, 1000 (R.I.1996). *See also State v. Hammond,* 733 A.2d 727, 728 (R.I.1999) (order); *State v. Simpson,* 658 A.2d 522, 528 (R.I.1995); *State v. Toole,* 640 A.2d 965, 974–75 (R.I.1994); *State v. Vento,* 533 A.2d 1161, 1166 (R.I.1987). We believe the jury did follow the court's instructions in this case, and we are of the opinion that the trial justice was not clearly wrong in denying the plaintiff's motion for a new trial on this issue.

 The plaintiff additionally contends that the verdict was against the weight of the evidence because the trial justice found Officer Blackmar's testimony was not particularly credible. Noticeably absent from the plaintiff's contention is that the trial justice, likewise, found the testimony of the plaintiff to be not credible. Although the trial justice found Officer Blackmar "was not particularly credible," she also found "that didn't make up for the deficiencies in the plaintiff's proof." Indeed, the only witness testimony that she found to be credible was that of the disinterested witness and driver of the other car, Brian Fontaine. His testimony, she found, "cast further doubt on the plaintiff's version of the incident."

"In deciding a motion for a new trial, a trial justice sits as the super [seventh] juror and is required to independently weigh, evaluate, and assess the credibility of the trial witnesses and evidence. If the trial justice determines that the evidence is evenly balanced or is such that reasonable minds, in considering that same evidence, could come to different conclusions, then the trial justice should allow the verdict to stand. * * * When this Court reviews a trial justice's decision on a motion for a new trial, his or her decision will be accorded great weight and will be disturbed only if it can be shown that the trial justice overlooked or misconceived material and relevant evidence or was otherwise clearly

wrong." *Morrocco v. Piccardi,* 713 A.2d 250, 253 (R.I.1998) (per curiam).

After reviewing the evidence the trial justice concluded that:

"the verdict is responsive to the evidence and the merits of the controversy when the scales—when we're measuring proof and preponderance of the evidence, if the scales are evenly matched and we can't sort out what it is that really happened, then the plaintiff has not sustained the burden of proving his claim."

After a careful review of the record, we conclude that the trial justice did not overlook or misconceive any material or relevant evidence and that she was not otherwise clearly wrong. The trial justice weighed the evidence and found that reasonable minds could differ about the verdict. Because she found that the plaintiff had not sustained the burden of proving his claim, she did not err in denying his motion for a new trial.

The plaintiff's final claim of error is that he should have been granted a new trial because the trial justice's denial of his motion in limine prevented the jury from hearing "the rest of the story." The trial justice, as we noted earlier, did not err when she denied the plaintiff's motion in limine. The plaintiff's rather obtuse "rest of the story" contention lacks any basis in the trial record and is without merit.

For the foregoing reasons, we deny the plaintiff's appeal, affirm the final judgment of the Superior Court and remand the papers in this case to that court.