McBURNEY LAW SERVICES, INC. et al.

v.

APEX, INC. et al.

No. 99-494-Appeal.

Supreme Court of Rhode Island.

May 3, 2001.

Steven H. Orabone, Cranston, Bernard Patrick Healy, Providence.

C. Russell Bengtson, Providence.

## ORDER

This case came before this Court on April 10, 2001, pursuant to an order directing the parties to appear and to show cause why the issues raised in the appeal should not be summarily decided. The plaintiffs, McBurney Law Services, Inc. and Cathleen McBurney, appeal from a jury verdict finding that the defendants, Apex, Inc. and Black & Decker, Inc., did not defectively or negligently manufacture or sell a toaster product, which the plaintiffs had alleged caused a fire that destroyed their business premises. After hearing counsels' arguments and considering the memoranda submitted by the parties, this Court is of the opinion that cause has not been shown. Therefore, this appeal will be decided summarily.

The plaintiffs first contend that the trial justice abused his discretion in not permitting the plaintiffs to pose certain questions during cross-examination of a defense expert witness concerning written reports of testing conducted on two toaster models manufactured by Black & Decker. Although these two toasters were different models than the one that allegedly caused the fire in this case, the plaintiffs, nonetheless, intended to utilize the reports to impeach the assertions of the defense's expert witness—made in response to plaintiffs' own questions—that these other models could not produce a relatively large conflagration. The trial justice excluded such questions after permitting some initial inquiry, because the toasters were different models with varying features, different from those in the toaster claimed to have ignited the building fire. We discern no error.

The admission or exclusion of evidence on grounds of relevancy is within the

sound discretion of the trial justice and, absent a showing of abuse of this discretion, this Court will not disturb a ruling concerning the admissibility of evidence. *State v. Neri*, 593 A.2d 953 (R.I.1991). An aggrieved party challenging the ruling of the trial justice additionally bears the burden of establishing that the excluded evidence was material and that its exclusion had an improper prejudicial influence on the factfinder. *See Graff v. Motta*, 748 A.2d 249, 252 (R.I.2000). In this case, considering that the excluded evidence concerned two product models different than the one that allegedly caused the fire in question, we are hard pressed to perceive any abuse of discretion in the trial justice's decision that the proffered testing reports standing alone were not relevant.

As to the assertion that the reports were relevant for the purposes of impeachment, we have consistently held that "[a] witness may not be impeached on collateral matters by the introduction of extrinsic evidence. The cross-examiner is restricted to the answers of the witness." *See State v. Wilding*, 740 A.2d 1235, 1239 (R.I.1999) (quoting *State v. Tutt*, 622 A.2d 459, 462 (R.I.1993)); *see also* Rule 608 of the Rhode Island Rules of Evidence. In this case, the reports concerned a product model other than the one in issue and, thus, involved a collateral matter. Simply because the plaintiffs disliked certain answers that a defense expert witness had given to their questions, that did not permit them to use the proffered reports to impeach the witness on the basis of those particular answers. Accordingly, the trial justice did not err in excluding this evidence.

The plaintiffs additionally argue that the trial justice erred in admitting as full exhibits unedited videotapes of experiments conducted on various toaster models by a defense expert. After a careful review of the trial transcripts, however, the record reveals that the plaintiffs did not object to the showing of edited versions of these videotapes to the jury. After this presentation, the plaintiffs only objected to the introduction of the edited videotapes as full exhibits. When the trial justice signaled that the edited videotapes would be admitted as full exhibits, the plaintiffs then specifically requested that the unedited videotapes also be introduced as full exhibits. This request was granted by the trial justice. Under these circumstances, we hold that the plaintiffs failed to properly object to the introduction of the unedited videotapes at trial.

The plaintiffs also contend that the trial justice erred by permitting the defendants to introduce evidence of a diagram made by a defense expert as an exhibit on cross-examination of a witness. While we agree that the trial justice may have erred in permitting this diagram to be introduced, in view of all the other trial evidence, the plaintiffs suffered no prejudice because of this evidence, and thus, we conclude that any improper introduction of this diagram was harmless error.

Lastly, the plaintiffs allege that the trial justice erred in reviewing the plaintiffs' motion for new trial. More specifically, the plaintiffs argue that the trial justice erred by employing the wrong standard of review, by overlooking or misconceiving material evidence, and by applying the wrong law to the evidence. We disagree.

"In deciding a motion for a new trial, a trial justice sits as the super [seventh] juror and is required to independently weigh, evaluate, and assess the credibility of the trial witnesses and evidence. If the trial justice determines that the evidence is evenly balanced or is such that reasonable minds, in considering the same evidence, could come to different conclusions, then the trial justice

should allow the verdict to stand. * * * When this Court reviews a trial justice's decision on a motion for a new trial, his or her decision will be accorded great weight and will be disturbed only if it can be shown that the trial justice overlooked or misconceived material and relevant evidence or was otherwise clearly wrong." *See Motta,* 748 A.2d at 255 (quoting *Morrocco v. Piccardi,* 713 A.2d 250, 253 (R.I.1998) (per curiam)).

In this case, the trial justice adhered to the correct standard of review in deciding the plaintiffs' motion for new trial, and concluded that because the evidence was so evenly balanced, the plaintiffs' simply had not carried their burden of proof. We are also hard pressed to find the material trial evidence that the trial justice is alleged to have overlooked or misconceived, particularly since the plaintiffs point to none in their appellate submissions. We are satisfied the trial justice fairly evaluated the conflicting testimony, including the expert testimony, and the relevant exhibit evidence in the course of his decision. After doing so, he was justified in finding such evidence to be sufficient to support the jury's verdict.[1] Finally, no basis exists for the plaintiffs' rather oblique contentions that the trial justice "never gave the jury a legal framework for determining whether a design defect existed" or "confused the legal requirement of causation relating to the proximate cause of the McBurney fire with the potential causation requirement of a design defect."

For the foregoing reasons, the plaintiffs' appeal is denied. The papers are remanded to the Superior Court.

Justice Lederberg did not participate.

---

1.   The trial jury was requested in a jury verdict interrogatory to respond to the questions:
    "1: When the Defendants manufactured and offered for sale to the public the Black & Decker T 215 toaster, was it defectively designed to the extent that it created a strong likelihood of injury to the user of the toaster?
        * * *
    2: Was the Black & Decker T 215 toaster negligently designed; that is, was the T 215 toaster designed by a company that failed to use reasonable care, skill, and diligence in designing and assembling the toaster?"
The jury responded to questions 1 and 2 in the negative and did not need to answer question 3, which apparently asked whether the Black & Decker T 215 toaster caused the fire at the McBurney property. A copy of question 3 does not appear in the record.